39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Ray GASSAWAY, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Respondent-Appellee.
 No. 94-7069.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Gassaway, a state inmate and pro se litigant appeals the denial of habeas corpus relief. We exercise jurisdiction, reverse and remand.
 
 
 3
 Mr. Gassaway was convicted in Oklahoma of first-degree murder and sentenced to life imprisonment without the possibility of parole. Mr. Gassaway was unsuccessful in his direct appeal and in his state court petition for post-conviction relief.
 
 
 4
 Mr. Gassaway filed his pro se habeas corpus petition in the United States District Court alleging his first-degree murder conviction was invalid due to the ineffective assistance of both his trial counsel and his appellate counsel. Specifically Mr. Gassaway alleged counsels' ineffectiveness consisted of: "(1) illegal search and seizure claim; (2) illegal obtained statement offered into evidence claim and (3) 6th & 14th amendment claims herein." Mr. Gassaway alleged the facts supporting these claims to be "a holster obtained in an illegal search of the area where I was arrested should have been suppressed as so should an illegally obtained statement against third party."
 
 
 5
 The State then filed a voluminous response to the habeas corpus petition claiming procedural bar (post-conviction relief was denied as the issue of ineffectiveness of counsel was not raised in Mr. Gassaway's direct appeal) and argued that counsel was not ineffective concerning the search and seizure claim.
 
 
 6
 The district court entered a minute order stating the habeas corpus "petition should be denied for all the reasons stated in Respondent's well-reasoned answer."
 
 
 7
 Mr. Gassaway appeals this decision asserting "his conviction and sentence was entered in direct violation of his 4th, 5th, 6th, and 14th amendment rights" and he further argues the district court erred in failing to appoint counsel to aid Mr. Gassaway in his proceedings before the district court.[2]
 
 
 8
 We begin by noting the federal district court's decision was, at least in part, erroneous. The Oklahoma Court declined fully to address the issue of counsel's alleged ineffectiveness holding, in Mr. Gassaway's post-conviction relief proceedings, that as this issue was not raised during direct appeal it was procedurally barred and res judicata under Oklahoma's rule that ineffective assistance claims must be brought on direct appeal. This determination was defended by the state and embraced by the district court in its decision. This holding is erroneous.
 
 
 9
 In Kimmelman v. Morrison, 477 U.S. 365 (1986), the Court held:
 
 
 10
 Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance, consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case.
 
 
 11
 Id. at 378 (citations omitted).
 
 
 12
 Osborn v. Shillinger, 861 F.2d 612 (10th Cir.1988), held:
 
 
 13
 We agree that the failure to raise a constitutional claim at trial or on direct appeal generally will prohibit federal collateral review of that claim absent cause and prejudice. However, although a state can limit the litigation of some constitutional claims to trial and direct appeal, the Supreme Court has held that ineffective assistance claims may be brought for the first time collaterally.
 
 
 14
 Id. at 622 (citations omitted).
 
 
 15
 The government argues Osborn is not controlling in cases such as this where a defendant is represented by different counsel at trial than on direct appeal. This argument was rejected in Brecheen v. Reynolds, --- F.3d ----, 1994 WL 562159 (10th Cir. Oct. 14, 1994), where the Tenth Circuit held Oklahoma cannot procedurally bar an ineffectiveness claim that was not raised on direct appeal, regardless of whether different counsel represented a defendant at trial than on appeal.
 
 
 16
 [Oklahoma's rule forces defendants] either to raise [an ineffectiveness] claim on direct appeal, with new counsel but without the benefit of additional fact-finding, or have the claim forfeited under state law. This Hobson's choice cannot constitute an adequate state ground under the controlling case law because it deprives [defendants] of any meaningful review of [their] ineffective assistance claim. What Osborn and its progeny give [defendants]--the opportunity to raise this claim on collateral review--the Court of Criminal Appeals effectively takes away by finding the claim waived. Therefore, we do not find this claim procedurally barred.
 
 
 17
 Id. at ----, *17.
 
 
 18
 Mr. Gassaway's ineffective assistance of counsel claim is not procedurally barred.
 
 
 19
 Though Mr. Gassaway's ineffectiveness claim is not barred, we are nevertheless unable to address that claim on the merits. We cannot sustain or affirm the trial court's judgment based upon the record before this court. The trial court applied the wrong law in concluding the issue of ineffective assistance of counsel was procedurally barred and res judicata. The state's factual response to the petition is not supported by the record on appeal. Nothing appears in the record on appeal concerning the facts except the state's conclusory statements as set forth in its response to Mr. Gassaway's habeas corpus petition.
 
 
 20
 We note the crushing burden placed upon the federal courts by the pro se litigant and specifically by the pro se habeas corpus litigant. While many of those litigants bring meritorious claims, some pro se litigants have learned enough legal jargon to avoid a summary disposition as the record in this case demonstrates. This places upon the trial court the burden of reviewing the pleadings and the record before it to determine whether or not there is any merit to the habeas corpus petitioner's claims and to take appropriate action thereon. Trial courts are provided with law clerks and magistrates to aid with this work. As this case demonstrates, however, a summary dismissal of a habeas corpus petition is only as good as the help provided to the trial court by the state.
 
 
 21
 The state can be and probably should be of more help to the trial court by carefully and specifically researching the law rather than simply filing what can be described, at least in part, as boilerplate briefs. The gist of the state's response was simple. First, it argues that the issue concerning "the pistol" was properly raised by trial and appellate counsel and found to be meritless on appeal. The state contended the state court properly applied the doctrine of res judicata to the matter of the admission of the holster. Concerning the "illegally obtained statement" claim, the state attempted to develop from the trial transcript the fact that counsel "did not act unprofessionally" and was not ineffective. If a transcript of the state proceedings was provided to the trial court, it was not included in the record on appeal thereby precluding this court's ability to review the record.
 
 
 22
 The judgment of the district court is REVERSED and this case is REMANDED to the district court for such other and further proceedings as may be just and proper.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We reject Mr. Gassaway's argument that the district court erred in refusing to appoint counsel to represent him in the habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551 (1987); Hopkins v. Anderson, 507 F.2d 530, 533 (10th Cir.1974), cert. denied, 421 U.S. 920 (1975)