■ In the Matter of VALERIE VAN LEER-GREENBERG, on Behalf of GEORGE MORRIS, Petitioner, v DOMINIC R. MASSARO, as Justice of the Supreme Court, Bronx County, et al., Respondents. [626 NYS2d 779] —Petition, pursuant to CPLR article 78, to prohibit respondent, Justice Dominic R. Massaro of the Supreme Court, Bronx County, from *sua sponte* vacating the guilty plea of defendant George Morris and directing that he proceed to trial, granted, the plea reinstated and the matter remanded to Supreme Court for sentence in accordance with the agreement entered upon the record, without costs.

The defendant was indicted for criminal possession of a weapon in the third degree, a Class D felony pursuant to Penal Law § 265.02 (4), and criminal possession of a weapon in the fourth degree, a Class A misdemeanor in violation of Penal Law § 265.01 (1).

The Justice presiding dismissed the felony count and on two occasions stated that it had been dismissed. Thereafter, the defendant pleaded guilty to the misdemeanor and after a thorough allocution was informed that the sentence would be three years probation and the sentencing date was set.

At the time of sentence the court stated that the dismissal of a felony count had been in error and that it was reinstated and that the defendant, under the circumstances, could withdraw his plea to the misdemeanor.

The petition asks that the agreed sentence be imposed and that the prosecution for the dismissed count be prohibited.

At the time of the plea the People raised no objection and did not contend that it could not be in full satisfaction of the charge.

The respondent Justice has not appeared in this proceeding. The respondent District Attorney has moved to dismiss the petition on the ground that a writ of prohibition does not lie in the circumstances.

Respondent points to no statutory authority which authorizes a court to withdraw a plea without the consent of the defendant in the absence of fraud and misrepresentation (CPL 220.60 [3]; *see, Matter of Lockett v Juviler,* 65 NY2d 182).

Although the court's ruling in dismissing the felony count was oral and later, on reflection, it was attempted to be withdrawn, full agreement having been reached prior to the withdrawal, and there being no change in circumstances the defendant was entitled to the benefit of the bargain *(see, Matter of Crooms v Corriero,* 206 AD2d 275, *lv denied* 84 NY2d 809; *Matter of Helbrans v Owens,* 205 AD2d 775, *appeal dismissed* 84 NY2d 861). Concur—Ellerin, Kupferman and Tom, JJ.

Sullivan, J. P., and Williams, J., dissent in a memorandum by Sullivan, J. P., as follows: In this CPLR article 78 proceeding petitioner, on behalf of George Morris, a defendant in a criminal proceeding, seeks, *inter alia,* to compel respondent, an acting Justice of the Supreme Court of the State of New York, to sentence Morris (hereinafter defendant) to a three-year term of probation in accordance with a plea bargain entered into with respect to defendant's plea of guilty of criminal possession of a weapon in the fourth degree, a misdemeanor, the surviving charge in an indictment. After respondent had orally dismissed the only other count, the felony of criminal possession of a weapon in the third degree, and defendant had pleaded guilty to the remaining charge, respondent realized that he had ruled in error, reinstated the dismissed felony charge, and afforded defendant an opportunity to withdraw his plea.

After being indicted for both offenses, defendant was arraigned and entered a plea of not guilty. He thereafter, as part of an omnibus motion, sought inspection of the Grand Jury minutes and dismissal of the indictment on the basis of legal insufficiency. After submission of the motion, the court, at a May 10, 1994 calendar call, orally dismissed the felony weapon charge without comment or assigning any reason therefor. At the next calendar call, on June 7, 1994, when petitioner, defendant's attorney, asked for a copy of respondent's decision she was advised that a decision had "probably" been filed with the clerk. The matter was adjourned to August 1, 1994 for a suppression hearing as to the surviving charge.

When the prosecutor appeared before respondent on August 1, 1994, she was informed that defendant was going to plead guilty to the remaining misdemeanor charge and, in response

to a request for respondent's written decision, was told that she should have obtained a copy of it. Defendant then, without any objection of record from the prosecutor, withdrew his previously entered not guilty plea and, in exchange for a promised sentence of probation, pleaded guilty to criminal possession of a weapon in the fourth degree, admitting that, on November 9, 1993, he possessed a loaded gun in his waistband.

On the same date, when the prosecutor called respondent's law secretary, asking for a copy of the decision, she was told that the decision was still being prepared but that it would reflect that the evidence before the Grand Jury was sufficient to sustain the indictment. In fact, in the decision the prosecutor subsequently received, dated July 29, 1994, respondent found the evidence to be sufficient to sustain the indictment and that the Grand Jury proceedings were not, in any manner, defective.

At the scheduled sentencing on October 21, 1994, respondent, *sua sponte* and over defendant's objection, reinstated the previously dismissed count charging criminal possession of a weapon in the third degree, explaining that the previous dismissal was "incorrect" and that "[w]hen the matter was reduced to the written decision, [he] realizing [his] own error, corrected [him]self." Respondent then withdrew his earlier decision dismissing the felony count and reaffirmed his July 29, 1994 decision.

Petitioner thereupon commenced this article 78 proceeding to prohibit respondent from vacating defendant's plea of guilty of the misdemeanor of criminal possession of a weapon in the fourth degree and to compel respondent to sentence defendant in accordance with the terms of the plea bargain. Since petitioner fails to state a cause of action cognizable under CPLR article 78, the petition should be dismissed.

Analyzing the essence of petitioner's complaint—that the court cannot reinstate the previously dismissed felony count and vacate defendant's misdemeanor guilty plea—it is clear that the court acted within its power and that therefore the petition should be dismissed in its entirety. As this record discloses, when defendant pleaded guilty on August 1, 1994 it was on respondent's mistaken belief that the indictment's felony count had been properly dismissed. On that same date, respondent's law secretary informed the prosecutor that a formal decision, the writing of which was still in progress, would find the evidence before the Grand Jury legally sufficient to sustain the indictment. That decision, dated July 29,

1994, stated, "The credible evidence adduced before the Grand Jury is legally sufficient to sustain the indictment." On October 21, 1994, the date set for sentence, respondent acknowledged, in open court, his mistake in dismissing the criminal possession of a weapon in the third degree charge, characterizing the previous dismissal of the felony count as "incorrect" and describing his actions in reinstating the charge as the court's correction of "its own error."

It is well settled that a trial court, prior to the commencement of sentence, has the inherent power to vacate an illegal or invalid plea. *(See, People v Bartley,* 47 NY2d 965; *People v Pena,* 169 AD2d 392, *lv denied* 78 NY2d 957; *cf., Matter of Campbell v Pesce,* 60 NY2d 165, 167.) Thus, since respondent had, in his own words, ruled in error, he has the inherent power to vacate the plea, which would have been improper, prior to the imposition of sentence and to correct his own error and reinstate the previously dismissed charge *(see, People v Bartley, supra,* at 966; *People v Pena, supra,* at 393; *People v Minaya,* 54 NY2d 360, 364, *cert denied* 455 US 1024).

In that regard, this case is not similar to *Matter of Crooms v Corriero* (206 AD2d 275, *lv denied* 84 NY2d 809), where the trial court vacated a guilty plea mistakenly negotiated by a prosecutor who had not properly communicated with his superiors. This Court took care to note, "The matter at bar clearly involves no error on the part of the court". *(Supra,* at 278.) Here, as noted, the issue revolves around the court's correction of its own error.

Nor, as petitioner argues, does *Matter of Helbrans v Owens* (205 AD2d 775, *appeal dismissed and lv denied* 84 NY2d 861) dictate a different result. There, the Court improperly vacated, *sua sponte,* guilty pleas where the defendants apparently balked as the court, at sentence, offered defendants the choice of accepting enhancement of the promised sentences or withdrawing the pleas and proceeding to trial. Here, as respondent took pains to make clear, the guilty plea was the product of his own erroneous dismissal of a more serious charge, which dismissal respondent had the inherent power to correct. *(See, People v Bartley,* 47 NY2d, *supra,* at 966.)

Since respondent has the power to vacate the plea and restore the action to its pre-plea status, further proceedings are not barred by double jeopardy considerations. *(See, Matter of Kisloff v Covington,* 73 NY2d 445, 449.) In such circumstances there is no double jeopardy violation, since a vacatur of a guilty plea is not "the equivalent of an acquittal based on

an adjudication as to the factual elements of the charge." *(People v Bartley, supra,* at 967.) Moreover, since the proceeding did not "terminate" in a "judgment"—a conviction and the sentence imposed thereon *(see,* CPL 1.20 [15])—but only in a "conviction" by virtue of a guilty plea *(see,* CPL 1.20 [13]), the Double Jeopardy Clause of the United States Constitution is not offended. *(Cf., People v Moquin,* 77 NY2d 449, 455.)

Accordingly, the petition brought pursuant to CPLR article 78 to prohibit respondent from vacating defendant's guilty plea with respect to the charge of criminal possession of a weapon in the fourth degree and to compel respondent to sentence him in accordance with the terms of a plea bargain, should be denied and the petition dismissed.