OPINION OF THE COURT
Memorandum. '
The judgment of the Appellate Division should be reversed, without costs, and the petition dismissed.
The CPLR article 78 prohibition proceeding sought (1) to bar respondent Trial Justice from sua sponte vacating defendant Morris’s guilty plea, and (2) to compel the Trial Justice to impose the promised sentence on a misdemeanor conviction based on the plea.
Defendant was indicted in December 1993 on a class D felony count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and a class A misdemeanor count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). He moved to dismiss the indictment for legal insufficiency of the Grand Jury evidence. Although no formal decision was rendered on the motion, the Trial Justice, on two different pretrial court appearances, announced from the Bench that the felony charge was dismissed.
Based on this premise, the trial court accepted a plea of guilty from defendant on August 1, 1994 to the misdemeanor charge and agreed to impose a sentence of three years’ probation. Sometime thereafter, the Trial Justice filed a written decision, dated July 29, 1994, denying the motion to dismiss and, thus, sustaining the felony count of the indictment. On October 21, 1994, the sentencing date, he also orally advised the parties that the felony count was reinstated and offered defendant the opportunity to withdraw the guilty plea to the misdemeanor count. Defendant refused. On December 6, 1994, defense *998 counsel initiated the instant collateral prohibition proceeding as petitioner on behalf of her client in the criminal proceeding.
The Appellate Division, with two Justices dissenting, granted the petition and remanded the case "for sentence in accordance with the agreement entered upon the record.” As the two-Justice dissent was on a question of law, we need not answer the question certified by the Appellate Division’s grant of leave to appeal from its final judgment (see, CPLR 5601 [a]). We now reverse.
Before sentence is imposed, trial courts in criminal cases have the general inherent authority to correct their own mistakes (see, People v Bartley, 47 NY2d 965, 966; see also, People v Minaya, 54 NY2d 360, 364; compare, Matter of Kisloff v Covington, 73 NY2d 445, 452; Matter of Campbell v Pesce, 60 NY2d 165, 168-169). In a standard application of this principle to the unusual developments here, the Trial Justice cannot be said, as a matter of law for prohibition purposes, to have improperly exercised such authority.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Judgment reversed, without costs, petition dismissed and certified question not answered, upon the ground that it is unnecessary, in a memorandum.