**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY RAY GASSAWAY,

　　　　Petitioner-Appellant,

v.

R. MICHAEL CODY, Warden,

　　　　Respondent-Appellee.

No. 97-7073
(D.C. No. 93-CV-873)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

　　　　[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Billy Ray Gassaway, a state inmate appearing *pro se*, appeals the the district court's dismissal of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. We exercise jurisdiction and affirm.

Mr. Gassaway was convicted in Oklahoma of first-degree murder and sentenced to life imprisonment without the possibility of parole. Mr. Gassaway was unsuccessful in his direct appeal and in his state court petition for post conviction relief. Mr. Gassaway then filed a *pro se* habeas corpus petition in the United States District Court alleging his first-degree murder conviction was invalid due to the ineffective assistance of both his trial and appellate counsel.

The district court declined to address the merits of Mr. Gassaway's ineffective assistance claim, determining the claim was procedurally barred, and dismissed the petition. Mr. Gassaway appealed. This court reversed and remanded, concluding the ineffective assistance of counsel claim was not procedurally barred. *See Gassaway v. Cody*, No. 94-7069, 1994 WL 589446 (10th Cir. Oct. 28, 1994) (unpublished decision). Upon remand and after considering the merits of Mr. Gassaway's claims, the magistrate judge issued a report recommending dismissal of the petition. The district court rejected Mr.

Gassaway's objections to the magistrate judge's report, adopted the magistrate judge's Findings and Recommendation, and denied the petition. Mr. Gassaway now appeals from the district court's dismissal of his petition.

Mr. Gassaway continues to argue on appeal that both his trial and appellate counsel were ineffective. Mr. Gassaway alleges counsel's ineffectiveness as to three claims: "(1) illegal search and seizure claim; (2) illegal [sic] obtained statement offered into evidence claim and (3) 6th and 14th [A]mendment claims." Mr. Gassaway's claim for relief is related to a pistol holster he alleges was obtained in an illegal search and which he contends should have been suppressed. He also contends an allegedly illegally obtained statement should have been suppressed. Mr. Gassaway further contends his appellate counsel failed to cite relevant authority in his appellate brief to support these claims.

We review claims of ineffective assistance of counsel *de novo*. *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997). To prevail, Mr. Gassaway must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Second, he must show the deficient performance of counsel resulted in prejudice to his defense.

*Id.* at 687. There is a "strong presumption" counsel provided effective assistance and the petitioner has the burden of proof to overcome that presumption. *United States v. Voigt*, 877 F.2d 1465, 1468 (10th Cir.), *cert. denied*, 493 U.S. 982 (1989) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

After reviewing the briefs, the magistrate judge's report, the district court's order, the district court record, and relevant case law, we agree with the district court's denial of habeas corpus relief for substantially the same reasons stated by the magistrate judge's Findings and Recommendation, filed March 19, 1997, and the district court's order of May 22, 1997. Briefly, a review of the record indicates that Mr. Gassaway's trial counsel filed a motion to suppress introduction of a pistol holster found after the victim's murder and that the holster was *not* offered into evidence. With respect to appellate counsel's briefing of this issue, the record indicates he permissibly relied on trial counsel's thorough briefing of the argument, incorporating it by reference.

The allegedly illegally obtained statements were made by Mr. Gassaway's co-defendant, Gerald Berrie. Mr. Berrie ultimately testified for the prosecution and was thoroughly cross-examined by Mr. Gassaway's defense counsel. With respect to appellate counsel's briefing of this issue, the record indicates appellate

counsel adequately addressed the suppression issue given the fact that Mr. Berrie testified at trial.

Mr. Gassaway also raises a Sixth and Fourteenth Amendment claim alleging both his trial counsel and appellate counsel were ineffective. Mr. Gassaway's original allegations are contradicted by the record and clearly fail to meet the *Strickland* standards. Mr. Gassaway's trial counsel prevented introduction of the holster evidence at trial. His appellate counsel raised the issue of the motion to suppress the holster evidence on direct criminal appeal, relying on trial counsel's brief to the trial court. The statement of Mr. Berrie was of no import at trial because he testified to the same information and was cross-examined as to whether he was coerced or a deal had been made. Appellate counsel considered carefully whether Mr. Berrie's statement was a significant legal issue for direct criminal appeal, and clearly exhibited reasonable professional efforts to raise the best issues on Mr. Gassaway's behalf. We conclude none of the grounds on which Mr. Gassaway claims ineffective assistance of counsel rise to the level of a constitutional violation.

Finally, in his reply to respondent's supplemental response, Mr. Gassaway makes several allegations, all related to his ineffective assistance of counsel

claim, not presented to the state courts for review. Mr. Gassaway now alleges his trial counsel was ineffective for failing to suppress the testimony of both Mr. Berrie and David Heath, a victim wounded in the shooting incident. He additionally contends trial counsel was ineffective because the allegedly unconstitutionally obtained holster evidence was used at his preliminary hearing. Finally, he claims appellate counsel was ineffective in failing to raise these issues on appeal.

Generally, a federal court presented with a habeas petition containing both exhausted and unexhausted claims should dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also* 28 U.S.C. § 2254(b). We conclude, however, it is appropriate to address the merits of a habeas petition absent exhaustion of state remedies where, as here, "the interests of comity and federalism will be better served by addressing the merits forthwith." *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *see Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992).[1] As the Supreme Court explained, "if the court of appeals is convinced that the petition has no merit, a belated

---

[1] The holding of *Granberry* was subsequently codified by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(b)(2) (authorizing the denial of a petition on the merits despite failure to exhaust state remedies).

-6-

application of the exhaustion rule might simply require useless litigation in the state courts." *Granberry*, 481 U.S. at 133.

The magistrate judge determined Mr. Gassaway's additional claims are procedurally barred.  We hold Mr. Gassaway's additional allegations in support of his ineffective assistance of counsel claim are without merit.

Mr. Gassaway points to certain details missing from Mr. Heath's testimony at his preliminary hearing and later provided at trial, but he points to no legal basis for excluding the testimony of the surviving victim. Mr. Gassaway also attacks Mr. Berrie's testimony as uncorroborated in certain details.  Again, Mr. Berrie testified at trial and was available for cross-examination by the defense. Moreover, Mr. Gassaway fails to indicate how his defense was prejudiced by the absence of corroborating evidence for every detail of Mr. Berrie's testimony. Finally, Mr. Gassaway claims his trial counsel was ineffective because the allegedly unconstitutionally obtained holster was used at his preliminary hearing. However, Mr. Gassaway also admits the holster was used "over defense counsel's objection" at the preliminary hearing.

In sum, defense trial counsel objected to the use of the holster at the preliminary hearing and filed a motion, accompanied by a brief, to suppress the holster evidence. Notwithstanding the fact the holster was *not* introduced at trial, appellate counsel raised the suppression issue on appeal and pointed to the brief submitted by Mr. Gassaway's trial counsel. Both trial and appellate counsel took reasonable steps to defend Mr. Gassaway. Mr. Gassaway fails to establish either his trial or appellate counsel was ineffective; he utterly fails to meet the standards required by *Strickland*, 466 U.S. at 687-88.

Mr. Gassaway's petition is without merit. The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge