George COWANS, Petitioner,

v.

Christopher ARTUZ, Respondent.

No. 97 Civ. 4733 (LAP) (AJP).

United States District Court,
S.D. New York.

July 31, 1998.

---

George Cowans, Stormville, NY, pro se.

### ORDER ADOPTING REPORT AND RECOMMENDATION

PRESKA, District Judge.

A Report and Recommendation having been filed by the Honorable Andrew J. Peck, United States Magistrate Judge, on June 15, 1998, and the parties having been specifically advised of their right to file objections within ten days thereof, and no objections having been filed to date, and no clear error appearing on the face of the record, *see, e.g., Yeung v. Artuz*, No. 97 Civ. 3288(HB)(AJP), 1997 WL 572908, at *1 (S.D.N.Y. Sept. 10, 1997) (applying clear error standard to report and recommendation recommending denial of a habeas petition where no objections were filed thereto); *Morales v. Artuz*, No. 97 Civ. 3337(HB)(AJP), 1997 WL 588990, at *1 (S.D.N.Y. Sept. 9, 1997) (same), it is hereby:

ORDERED that the Report and Recommendation is adopted in its entirety; and it is further

ORDERED that the Clerk of the Court shall mark this action closed.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner George Cowans seeks a writ of habeas corpus alleging five grounds: (1) unconstitutional search and seizure, (2) impermissible identification procedures, (3) erroneous admission of audiotape evidence, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. (*See* Amended Petition ¶ 12(A)–(E).) Petitioner Cowans' Amended Petition concedes that he has not exhausted any of these five grounds. (*Id.* ¶ 13.) Accordingly, for the reasons set forth below, I recommend that Cowans' Amended Petition be dismissed without prejudice for failure to have exhausted his claims in state court.

### PROCEDURAL BACKGROUND

On May 8, 1992, in Supreme Court, Bronx County, petitioner Cowans was convicted by a jury of murder in the second degree, and sentenced to twenty years to life imprisonment. (Amended Petition ¶¶ 1–6.)

Cowans' direct appeal to the First Department raised three issues: (a) sufficiency of the evidence, (b) a jury charge issue, and (c) excessive sentence. (*See* Amended Petition ¶ 9(a)–(d).) The First Department affirmed Cowans' conviction, and the New York Court of Appeals denied leave to appeal. *People v. Cowans*, 213 A.D.2d 344, 624 N.Y.S.2d 422 (1st Dep't), *app. denied mem.*, 85 N.Y.2d 971, 629 N.Y.S.2d 731, 653 N.E.2d 627 (1995). (*See also* Amended Petition ¶ 9.)

Cowans filed his federal habeas corpus petition on April 21, 1997. (Docket No. 1.) On June 27, 1997, Chief Judge Griesa ordered Cowans to file an amended petition within sixty days, informing Cowans that " § 2254 requires exhaustion of all available state remedies," and held that "[s]ince petitioner states that the grounds raised here were not presented in state court, this Court cannot review these claims." (Docket No. 3: 6/27/97 Order at p. 1.) The Order further required Cowans to state in his amended petition "what steps he has taken to exhaust his state remedies." (*Id.* at p. 2.)

Cowans' Amended Petition, dated August 25, 1997, was received by the Court's Pro Se Office on September 2, 1997. (Docket No. 4: Amended Petition.) As noted above, Cowans' Amended Petition raises five habeas grounds, including ineffective assistance of trial and appellate counsel. Cowans' Amended Petition, like his original Petition, clearly admitted that none of his habeas grounds were exhausted:

All of the grounds listed from [¶] 12A through 12E were not raised as of yet because I am presently awaiting material from Public Access Records, in order to [bring] a Motion to Vacate Judgment, i.e., Criminal Procedure Law § 440.10.

(Amended Petition ¶ 13.)

### ANALYSIS

### COWANS' HABEAS PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES

Cowans has not exhausted any of his five habeas grounds in state court. As such,

Cowans' Amended Petition should be dismissed without prejudice.

### A. *Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss Petitions Containing Only Unexhausted Claims as Well as "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims*

This section discusses the law as to petitions containing only unexhausted claims and "mixed" petitions in effect prior to the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A federal court could not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[1] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* 455 U.S. at 510, 102 S.Ct. at 1199.[2] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disrup-

tion of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* 455 U.S. at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* 455 U.S. at 520, 102 S.Ct. at 1204.[3]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy* . . . ." *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 125 (2d Cir.1995); *accord, e.g., Diaz v. Coombe*, 97 Civ. 1621, 1997 WL 529608 at *2–3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.); *Johnson v. Scully*, 967 F.Supp. 113, 115 (S.D.N.Y. 1997) (Rakoff, D.J. & Peck, M.J.); *Gibriano v. Attorney General*, 965 F.Supp. 489, 491 (S.D.N.Y.1997) (Sprizzo, D.J. & Peck, M.J.); *Walker v. Miller*, 959 F.Supp. 638, 641 (S.D.N.Y.1997) (McKenna, D.J. & Peck, M.J.); *Boyd v. Hawk*, 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996) (Batts, D.J. & Peck, M.J.); *Ehinger v. Miller*, 928 F.Supp. 291, 293 (S.D.N.Y.1996) (Mukasey, D.J. & Peck, M.J.).

### B. *Effect of the AEDPA*

On April 24, 1996, President Clinton signed the AEDPA into law. The AEDPA significantly modified § 2254 for non-death penalty cases. The AEDPA permits the Court to deny on the merits habeas petitions contain-

---

1. Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

2. *Accord, e.g., Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

3. However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* 455 U.S. at 521, 102 S.Ct. at 1205.

ing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; . . .

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)–(2) (as amended by the AEDPA).

■ Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2), as amended.

Section 2254(b)(2), however, "does not provide a standard for determining when a court should dismiss a petition on the merits rather than requiring complete exhaustion." *Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1998); *accord, Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir.), *cert. denied*, — U.S. ——, 118 S.Ct. 126, 139 L.Ed.2d 77 (1997); *Gaylor v. Harrelson*, 962 F.Supp. 1498, 1499 (N.D.Ga.1997). Neither the Supreme Court nor the Second Circuit has established what standard a district court should use to determine when to dismiss a petition on the merits rather than requiring complete exhaustion.

The Court agrees with the similar decision in *Duarte v. Hershberger*, 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b) ]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.

By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b) ], this Court endorses the ratio-

nale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose*, 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

*Duarte v. Hershberger*, 947 F.Supp. at 150; *accord, e.g., Benitez v. Senkowski*, 97 Civ. 7819, 1998 WL 265245 at *3–4 (S.D.N.Y. May 18, 1998) (Cote, D.J. & Peck, M.J.); *Diaz v. Coombe*, 1997 WL 529608 at *4; *Johnson v. Scully*, 967 F.Supp. at 116; *Fluellen v. Walker*, 975 F.Supp. 565, 568 (S.D.N.Y.1997) (Wood, D.J. & Peck, M.J.); *Walker v. Miller*, 959 F.Supp. at 642. *Duarte* does not provide a standard, but makes clear that even under the AEDPA, the federal courts usually should defer to the state courts on unexhausted habeas claims.

The Court notes that several district judges in this Court have expressed the test as whether the unexhausted claim is "patently frivolous":

[U]nder the AEDPA, in the case of a mixed petition, where a court deems the unexhausted claim to be patently frivolous, it may now summarily dismiss that claim on the merits and pass on to the exhausted claims.

*Rodriguez v. Miller*, 96 Civ. 4723, 1997 WL 599388 at *3 (S.D.N.Y. Sept. 29, 1997); *accord, e.g., Edkin v. Travis*, 969 F.Supp. 139, 142 n. 1 (W.D.N.Y.1997); *Ojeda v. Artuz*, 96 Civ. 5900, 1997 WL 283398 at *3 n. 5 (S.D.N.Y. May 29, 1997); *see also Cuadrado*

v. *Stinson*, 992 F.Supp. 685, 687 (S.D.N.Y. 1998) (it is perhaps appropriate for court to decide unexhausted claim on merits "where a petition was 'patently frivolous,' ... but this is not such a case. The Court believes that it is still the best policy to 'allow[ ] the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.' ").[4]

■ The Court here need not decide whether the "patently frivolous" or some other standard is appropriate to use to determine when to consider the merits of unexhausted claims pursuant to § 2254(b).[5] *See Benitez v. Senkowski*, 1998 WL 265245 at *4. Suffice it to say that in this case, where none of Cowans' five habeas claims have been presented to the state court, the Court believes it appropriate to decline to exercise its discretion to decide the petition on the merits. This best comports with the rationale of *Rose v. Lundy* and *Duarte v. Hershberger*, discussed above. Moreover, even if the Court here were to utilize the "patently frivolous" standard enunciated by some decisions, Cowans' petition is not "patently frivolous" on its face—the Court cannot determine the merits of Cowans' claims without reviewing virtually the entire trial and appellate record, and since such a review would be necessary, the Court cannot say the claim is "patently frivolous" on its face. *See, e.g., Adelson v. DiPaola*, 131 F.3d 259, 264 (1st Cir.1997) (affirming dismissal without prejudice for failure to exhaust where "petitioner's federal

claim flows from an apparently novel interpretation of [state] law"); *Gaylor v. Harrelson*, 962 F.Supp. at 1501 (dismissal without prejudice for failure to exhaust, where claim is of ineffective assistance of trial and appellate counsel).

The Court notes that petitioner Cowans should not be heard to complain about the Court's decision as to his petition, since under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. *See* 28 U.S.C. § 2254(b)(2) (as amended) (*"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."*).

### C. *A Word About the AEDPA Statute of Limitations*

The only complaint that Cowans could have is that the AEDPA's one-year statute of limitations might bar any later federal habeas corpus petition. *See* 28 U.S.C. § 2244(d). In fact, however, the Court is giving Cowans the benefit of the doubt in not dismissing his current petition as time barred. Because his conviction was final before the April 24, 1996 effective date of the AEDPA, he had a "reasonable time" after April 24, 1996 to file his petition under *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997). Cowans did not bring his original petition until April 21, 1997, just three days shy of a year after the effective date of the AEDPA. Under the current

---

4. Other courts, relying on the pre-AEDPA Supreme Court decision in *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), have expressed the test as whether " 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,' " in which case the Court should dismiss the unexhausted claim on the merits (or rather the clear lack thereof). *Lambert v. Blackwell*, 134 F.3d 506, 514–515 (3d Cir.1997); *see also, e.g., Gassaway v. Cody*, 132 F.3d 42, 1997 WL 767560 at *2 & n. 1 (10th Cir. Dec. 15, 1997) (the AEDPA codified *Granberry's* holding that the merits of an unexhausted claim can be reached where " 'the interests of comity and federalism will be better served by addressing the merits forthwith' "); *Hoxsie v. Kerby*, 108 F.3d at 1242–43; *Gaylor v. Harrelson*, 962 F.Supp. at 1500 ("the test is whether it is 'perfectly clear' that the petitioner has failed to state 'even a colorable claim.' ... [This] requires only a cursory examination of the petitioner's claims.

If this brief examination arouses the slightest suspicion that the claims have merit, dismissal without prejudice is appropriate to allow the State court an opportunity to consider the claims."); *United States ex rel. Walton v. Gilmore*, No. 96 C 2375, 1997 WL 51703 at *5 (N.D.Ill. Feb. 4, 1997) (dismissal without prejudice granted where "nothing on the face of the petition suggests that [petitioner's] claims are frivolous").

5. Whatever the stated standard used by other decisions, the Court strongly suspects that the real standard being used by the federal courts is whether it is easier to dismiss as a mixed petition or easier to reach the merits of the unexhausted claim. Thus, for example, where the issue of whether the claim is exhausted is somewhat questionable, but the lack of merit of the claim is easily shown, it may be more appropriate for the Court to reach the merits. *See Benitez v. Senkowski*, 1998 WL 265245 at *4 n. 5.

interpretation of *Peterson* in this District, his April 21, 1997 petition would be considered untimely, absent some good cause for his delay. *See, e.g., Thomas v. Greiner,* 97 Civ. 2958, 1998 WL 236239 at *2 (S.D.N.Y. April 27, 1998) (Preska, D.J. & Peck, M.J.); *Yeung v. Artuz,* 97 Civ. 3288, 1997 WL 572908 at *2 (S.D.N.Y. Sept. 10, 1997) (Baer, D.J. & Peck, M.J.); *Roldan v. Artuz,* 976 F.Supp. 251, 253–54 (S.D.N.Y.1997) (Batts, D.J. & Peck, M.J.); *Morales v. Artuz,* 97 Civ. 3337, 1997 WL 588990 at *2 (S.D.N.Y. Sept. 9, 1997) (Baer, D.J. & Peck, M.J.); *Lee v. Artuz,* 969 F.Supp. 872, 873–74 (S.D.N.Y.1997) (Stein, D.J. & Peck, M.J.).

The Court need not decide now what showing Cowans would need to make as to his claim that he was "awaiting material from Public Access Records" (Amended Petition ¶ 13) in order to make his petition timely. *See, e.g., Williams v. Greiner,* 97 Civ. 3886, 1998 WL 205317 at *1 (S.D.N.Y. April 27, 1998) (petition held untimely; "While Williams contends that he has been diligently seeking access to necessary trial transcripts since 1996, he does not explain why he waited almost four years to start his search."); *Wilson v. United States,* 97 Civ. 2945, 1998 WL 205303 at *4 (S.D.N.Y. April 28, 1998) (petition untimely despite fact that sentencing transcript missing, where petitioner did not make efforts to obtain transcript for more than ten years); *Hunter v. Kuhlman,* 97 Civ. 4692, 1998 WL 182441 at *1–2 (S.D.N.Y. April 17, 1998) (petition untimely despite petitioner's claim that delay was caused by "delay in getting assistance in reading over his transcripts"); *Santana v. Kuhlman,* 97 Civ. 3882, 1998 WL 182433 at *2 (S.D.N.Y. April 17, 1998) (petition untimely despite claim of "delays in receiving his transcripts"); *Robertson v. Artuz,* 97 Civ. 2561, 1998 WL 182428 at *2 (S.D.N.Y. April 17, 1998) (petition untimely despite claim that delay was caused by "the fact that it took over two years before his former attorney (who handled his direct appeal) returned the trial and court records to him so that he could pursue further relief"). But if Cowans has been diligent and the State's delay in providing him with records serves to equitably toll the AEDPA's statute of limitations—an issue the Court need not decide now—that equitable toll would continue, and so long as Cowans

acts promptly upon receipt of that material to bring a state collateral attack, and after decision by the state courts promptly files a new habeas petition, he should be able to satisfy the AEDPA's statute of limitations.

■ In any event, the Court will not allow the AEDPA's statute of limitations to be circumvented by permitting a petitioner to file a habeas petition containing only unexhausted claims, and then holding that petition in suspense until the petitioner exhausts state remedies. *See Espinal v. Walker,* 97 Civ. 3187, 1998 WL 151273 at *4 & n. 6 (S.D.N.Y. March 27, 1998) (Patterson, D.J. & Peck, M.J.) ("if [petitioner's] present habeas petition were timely ... and he had a pending state application for collateral review (as opposed to one he merely planned to file), that would appear to stay (*i.e.,* extend) the AEDPA's one-year statute of limitations period, so that there would be no need to file an unexhausted petition in federal court and keep it on suspense until decision of the state petition").

## CONCLUSION

For the reasons set forth above, the Court should deny Cowans' federal habeas petition without prejudice because he has failed to exhaust any of his habeas claims in state court.

June 15, 1998.