**George MORRIS, Petitioner,**

v.

**Edward REYNOLDS, Superintendent of Mohawk Correction Facility, Respondent.**

**No. 98Civ.5439(HB)(AJP).**

United States District Court, S.D. New York.

May 4, 1999.

George Morris, Mohawk Correctional Facility, Rome, NY, plaintiff pro se.

### Order

BAER, District Judge.

WHEREAS Magistrate Judge Andrew J. Peck issued a Report and Recommendation on December 3, 1998, dismissing petitioner's mixed federal *habeas corpus* petition because it contained both unexhausted and exhausted claims, and

WHEREAS petitioner submitted to this Court a Notice of Motion of Amendment to Complaint which requested that any of the issues raised by his petition which were determined to be unexhausted be stricken; it is hereby

ORDERED that Magistrate Judge Peck's Report and Recommendation is adopted in all respects, and it is further

ORDERED that the petitioner's unexhausted claims are stricken and dismissed, and it is further

ORDERED that the petitioner should submit an amended petition to Magistrate Judge Peck which includes any and all exhausted claims for a consideration of the merits of the *habeas corpus* petition.

**SO ORDERED.**

## *REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

Petitioner George Morris filed this petition for a writ of habeas corpus on March 9, 1998; the New York Court of Appeals decision in his case is dated March 21, 1996. For the reasons set forth below, I recommend that the Court summarily dismiss Morris's petition, not because of the AEDPA's one-year time bar (Morris's claim actually is not time barred), but rather as a "mixed petition" containing unexhausted claims.

### *FACTS*

George Morris's pro se habeas petition was received by the Court's Pro Se Office on March 9, 1998. (*See* Docket No. 1: Pet. at p. 1, date stamp.)

Morris was indicted in December 1993 on a class D felony count of criminal possession of a weapon in the third degree, and a class A misdemeanor count of criminal possession of a weapon in the fourth degree. *See In re Van Leer–Greenberg ex rel. Morris v. Massaro*, 87 N.Y.2d 996, 997, 642 N.Y.S.2d 618, 618, 665 N.E.2d 188 (1996). The trial judge initially dismissed the felony count for legal insufficiency, and on August 1, 1994, Morris pled guilty to the misdemeanor count with the promised imposition of a sentence of three years' probation. *Id.* Thereafter, the trial judge

filed a written decision denying Morris's motion to dismiss the felony count. *Id.* On the date of sentencing, the trial judge orally advised the parties that the felony count was reinstated, and offered Morris the opportunity to withdraw his guilty plea to the misdemeanor count, which Morris refused. *Id.*

Morris's trial counsel brought an Article 78 petition to prohibit the judge from vacating Morris's plea and to require the judge to impose the promised probation sentence on the misdemeanor guilty plea. The First Department granted the petition, with two judges dissenting. *In re Van Leer–Greenberg ex rel. Morris v. Massaro*, 215 A.D.2d 283, 626 N.Y.S.2d 779 (1st Dept 1995). On March 21, 1996, the New York Court of Appeals reversed and dismissed the Article 78 proceeding. *In re Van Leer–Greenberg ex rel. Morris v. Massaro*, 87 N.Y.2d 996, 642 N.Y.S.2d 618, 665 N.E.2d 188 (1996).

Apparently, although Morris's petition is unclear, after the Court of Appeals' decision, Morris was convicted on the felony count on June 4, 1997 and sentenced to two and a half to five year's imprisonment. (*See* Docket No. 5: Morris 8/25/98 Aff. in Support of Application for Appointment of Counsel.)[1] Morris did not further appeal his conviction. (*See* Pet. ¶ 8; *see also* Docket No. 6: Morris 9/14/98 Aff. at p. 2.)

As noted above, Morris's federal habeas petition was received by this Court's Pro Se office on March 9, 1998, almost two years after the Court of Appeals' decision. The petition raises four claims: first, that the indictment was insufficient and/or improper evidence was presented to the grand jury; second, that the trial court was required to abide by the plea agreement; third, that vacatur of the guilty plea constituted double jeopardy; and fourth, that the trial court violated Morris's constitutional rights in not disclosing the charges and/or exculpatory evidence when

1. Because of the Court's Report and Recommendation to dismiss the Petition as a "mixed" petition, Morris's request for appointment of counsel is denied as moot.

requested by Morris's counsel. (Pet. ¶ 12(A)–(D).)

By Order dated July 30, 1998, Chief Judge Griesa directed Morris to show cause why his petition was not untimely under the AEDPA's one-year statute of limitations. (Docket No. 4: 7/30/98 Order.)

By affirmation dated September 14, 1998, Morris responded that his counsel did not tell him of the one-year limitation. (Docket No. 6: Morris 9/14/98 Aff. at p. 1.) Morris also complained that he did not get adequate assistance from the prison law library. (*Id.* at p. 2.)

## ANALYSIS

### I. *A PRELIMINARY NOTE ON THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS*

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act. The AEDPA significantly modified § 2254 for non-death penalty cases. Specifically, the AEDPA instituted a one-year statute of limitations for habeas petitions:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A) (1998).

■ Morris's petition at first blush appears time barred—the New York Court of Appeals decision in Morris's case is dated March 21, 1996, and Morris's petition was filed on or shortly before March 9, 1998, almost two years later. But a more careful review of all of Morris's submissions reveals that his petition is not time barred. In Morris's unusual case, the Court of Appeals' decision was not on appeal but on a petition for a writ of prohibition, and thus did not end the case. Rather, after the Court of Appeals denied his application to enforce the plea bargain, the case returned to the trial court for trial on the reinstated felony count. Although Morris's petition does not contain the necessary information, his application for appointment of counsel discloses, for the first time, that his conviction and sentence to two and a half to five years imprisonment occurred on *June 4, 1997.* (Docket No. 5: Morris 8/25/98 Aff. at p. 1.) Thus, Morris's March 9, 1998 petition was filed less than a year after his judgment of conviction became final, and it therefore is not time barred.[2]

---

2. The Court therefore need not decide whether Morris's "excuses" for his "late" petition (judged from the Court of Appeals decision date)—that counsel did not advise him of the one-year AEDPA time limitation and that he did not receive adequate assistance from the prison law library (Docket No. 6: Morris 9/14/98 Aff. at pp. 1–2)—would suffice to toll the one-year AEDPA limitation period. The Court, however, seriously doubts that either of these grounds would have tolled the AEDPA limitations period. *See, e.g., Halo v. New York State Div. of Parole,* 98 Civ. 446, 1998 WL 355429 at \*1 (S.D.N.Y. July 1, 1998) (Sotomayor, D.J.) (petition untimely; "Although petitioner states that retrieving trial transcripts was time-consuming, he does not allege that the State of New York placed an illegal or unconstitutional impediment in his path."); *Velasquez v. United States* 4 F.Supp.2d 331, 334 (S.D.N.Y.1998) (petition untimely despite government's 10 months delay in providing the plea allocation transcript because petitioner did not explain why he did not order the transcript during the 3–year period following his conviction); *Wilson v. United States,* 97 Civ. 2945, 1998 WL 205303 at \*4 (S.D.N.Y. April 28, 1998) (petition untimely despite fact that sentencing transcript missing, where petitioner did not make efforts to obtain transcript for more than ten years); *Williams v. Greiner,* 97 Civ. 3886, 1998 WL 205317 at \*1 (S.D.N.Y. April 27, 1998) (petition held untimely; "While Williams contends that he has been diligently seeking access to necessary trial transcripts since 1996, he does not explain why he waited almost four years to start his search."); *Hunter v. Kuhlman,* 97 Civ. 4692, 1998 WL 182441 at \*1–2 (S.D.N.Y. April 17, 1998) (petition untimely despite peti-

## II. *MORRIS'S HABEAS PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE AS A "MIXED" PETITION THAT FAILED TO EXHAUST STATE COURT REMEDIES*

■ Morris's habeas petition raises four claims. Only his second habeas claim, that the trial court was required to abide by the plea agreement, was presented to New York's appellate courts (via Morris's petition for a writ of prohibition).[3] Morris never appealed from his conviction, and thus he never raised his other three habeas grounds (challenge to the indictment, double jeopardy, and non-disclosure of charges/evidence) in any state appellate court. Those three claims, therefore, are not exhausted. .

### A. *Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss "Mixed" petitions Containing Both Exhausted and Unexhausted Claims*

This section discusses the law as to "mixed" petitions in effect prior to enactment of the AEDPA.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[4] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[5] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always

---

tioner's claim that delay was caused by "delay in getting assistance in reading over his transcripts"); *Santana v. Kuhlman*, 97 Civ. 3882, 1998 WL 182433 at *2 (S.D.N.Y. April 17, 1998) (petition untimely despite claim of "delays in receiving his transcripts"); *Robertson v. Artuz*, 97 Civ. 2561, 1998 WL 182428 at *2 (S.D.N.Y. April 17, 1998) (petition untimely despite claim that delay was caused by "the fact that it took over two years before his former attorney (who handled his direct appeal) returned the trial and court records to him so that he could pursue further relief").

**3.** The Court assumes without deciding, that use of this route exhausted that claim, even though Morris took no direct appeal after his conviction.

**4.** Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. .

**5.** *Accord, e.g., Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir. 1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir.1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[6]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy....*" *Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 125 (2d Cir.1995); *accord, e.g., Cowans v. Artuz,* 14 F.Supp.2d 503, 505 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Diaz v. Coombe,* 97 Civ. 1621, 1997 WL 529608 at *2–3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.); *Johnson v. Scully,* 967 F.Supp. 113, 115 (S.D.N.Y.1997) (Rakoff, D.J. & Peck, M.J.); *Gibriano v. Attorney General,* 965 F.Supp. 489, 491 (S.D.N.Y. 1997) (Sprizzo, D.J. & Peck, M.J.); *Walker v. Miller,* 959 F.Supp. 638, 641 (S.D.N.Y. 1997) (McKenna, D.J. & Peck, M.J.); *Boyd v. Hawk,* 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996) (Batts, D.J. & Peck, M.J.); *Ehinger v. Miller,* 928 F.Supp. 291, 293 (S.D.N.Y.1996) (Mukasey, D.J. & Peck, M.J.).

### B. *Effect of the AEDPA*

The AEDPA permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; . . .

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the appli-

cant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)–(2) (1998).

Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2) (1998).

Section 2254(b)(2), however, "does not provide a standard for determining when a court should dismiss a petition on the merits rather than requiring complete exhaustion." *Lambert v. Blackwell,* 134 F.3d 506, 516 (3d Cir.1997); *accord, Hoxsie v. Kerby,* 108 F.3d 1239, 1243 (10th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 126, 139 L.Ed.2d 77 (1997); *Gaylor v. Harrelson,* 962 F.Supp. 1498, 1499 (N.D.Ga. April 3, 1997). Neither the Supreme Court nor the Second Circuit has established what standard a district court should use to determine when to dismiss a petition on the merits rather than requiring complete exhaustion.

■ The Court agrees with the similar decision in *Duarte v. Hershberger,* 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b) ]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.

By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b) ], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In

**6.** However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims

risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose*, 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level. *Duarte v. Hershberger*, 947 F.Supp. at 150; *accord, e.g., Cowans v. Artuz*, 14 F.Supp.2d 503, 506 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Fennell v. Artuz*, 14 F.Supp.2d 374, 379 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Benitez v. Senkowski*, 97 Civ. 7819, 1998 WL 265245 at *3-4 (S.D.N.Y. May 19, 1998) (Cote, D.J. & Peck, M.J.); *Diaz v. Coombe*, 1997 WL 529608 at *4; *Johnson v. Scully*, 967 F.Supp. at 116; *Fluellen v. Walker*, 975 F.Supp. 565, 568 (S.D.N.Y.1997) (Wood, D.J. & Peck, M.J.); *Walker v. Miller*, 959 F.Supp. at 642; *see also, e.g., Dafnos v. Artuz*, No. 97 CV 1562, 1998 WL 801775 at *2 (E.D.N.Y. Nov.16, 1998). *Duarte* does not provide a standard, but makes clear that even under the AEDPA, the federal courts usually should defer to the state courts on unexhausted habeas claims.

The Court notes that several district judges in this Court have expressed the test as whether the unexhausted claim is "patently frivolous":

> [U]nder the AEDPA, in the case of a mixed petition, where a court deems the unexhausted claim to be patently frivolous, it may now summarily dismiss that claim on the merits and pass on to the exhausted claims.

*Rodriguez v. Miller*, 96 Civ. 4723, 1997 WL 599388 at *3 (S.D.N.Y. Sept.29, 1997); *accord, e.g., Edkin v. Travis*, 969 F.Supp. 139, 142 n. 1 (W.D.N.Y.1997); *Ojeda v. Artuz*, 96 Civ. 5900, 1997 WL 283398 at *3 n. 5 (S.D.N.Y. May 29, 1997); *see also, e.g., Colon v. Johnson*, 19 F.Supp.2d 112, 120, 122 (S.D.N.Y.1998); *Brown v. Miller*, 97 Civ. 1874, 1998 WL 91081 at *2 (S.D.N.Y. March 3, 1998) (Sotomayor, D.J.); *Cuadrado v. Stinson*, 992 F.Supp. 685, 687 (S.D.N.Y.1998) (it is perhaps appropriate for court to decide unexhausted claim on merits "where a petition was 'patently frivolous,' ... but this is not such a case. The Court believes that it is still the best policy to 'allow[ ] the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.' ").[7]

The Court here need not decide whether the "patently frivolous" or some other standard is appropriate to use to determine when to consider the merits of unexhausted claims pursuant to § 2254(b).[8]

---

7. Other courts, relying on the pre-AEDPA Supreme Court decision in *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), have expressed the test as whether " 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,' " in which case the Court should dismiss the unexhausted claim on the merits (or rather the clear lack thereof). *Lambert v. Blackwell*, 134 F.3d at 514–15; *see also, e.g., Gassaway v. Cody*, 132 F.3d 42, 1997 WL 767560 at *2 & n. 1 (10th Cir. Dec.15, 1997) (the AEDPA codified *Granberry's* holding that the merits of an unexhausted claim can be reached where " 'the interests of comity and federalism will be better served by addressing the merits forthwith' "); *Hoxsie v. Kerby*, 108 F.3d at 1242–43; *Gaylor v. Harrelson*, 962

F.Supp. at 1500 ("the test is whether it is 'perfectly clear' that the petitioner has failed to state 'even a colorable claim.' ... [This] requires only a cursory examination of the petitioner's claims. If this brief examination arouses the slightest suspicion that the claims have merit, dismissal without prejudice is appropriate to allow the State court an opportunity to consider the claims."); *United States ex rel. Walton v. Gilmore*, No. 96 C 2375, 1997 WL 51703 at *5 (N.D.Ill. Feb.4, 1997) (dismissal without prejudice granted where "nothing on the face of the petition suggests that [petitioner's] claims are frivolous").

8. Whatever the stated standard used by other decisions, the Court strongly suspects that the

*See, e.g., Cowans v. Artuz,* 14 F.Supp.2d at 507; *Fennell v. Artuz,* 14 F.Supp.2d at 379; *Benitez v. Senkowski,* 1998 WL 265245 at *4. Suffice it to say that in this case, where three of Morris's four habeas claims have not been presented to any state appellate court, the Court believes it appropriate to decline to exercise its discretion to decide Morris's petition on the merits. This best comports with the rationale of *Rose v. Lundy* and *Duarte v. Hershberger,* discussed above.

The Court notes that petitioner Morris should not be heard to complain about the Court's decision as to his petition, since under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. *See* 28 U.S.C. § 2254(b)(2) (1998) (*"An application for a writ of habeas corpus may be denied on the merits,* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

### CONCLUSION

For the reasons set forth above, the Court should deny Morris's federal habeas petition without prejudice because he has failed to exhaust three of his four habeas claims in the state appellate courts (unless Morris were to amend his petition to drop his unexhausted claims, *see* fn. 5 above).[9]

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMEN-DATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, Jr., 500 Pearl Street, Room 2230, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Baer. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

December 3, 1998.

real standard being used by the federal courts is whether it is easier to dismiss as a mixed petition or easier to reach the merits of the unexhausted claim. Thus, for example, where the issue of whether the claim is exhausted is somewhat questionable, but the lack of merit of the claim is easily shown, it may be more appropriate for the Court to reach the merits. *See, e.g., Cowans v. Artuz,* 14 F.Supp.2d at 507 n. 5; *Benitez v. Senkowski,* 1998 WL 265245 at *4 n. 5.

9. The Court advises Morris that he will need to promptly file a state collateral proceeding so as not to run afoul of the one-year AEDPA limitation period, since a portion of the one-year period has already passed.

The Court further notes that it is not expressing any view as to whether the state courts will entertain Morris's claims on collateral review or hold them to be procedurally defaulted. the Court will give Morris the benefit of the doubt, however, and allow him to try to raise them in state court if he wishes. Alternatively, as noted in text, he can withdraw the unexhausted claims. The choice is his.