George MORRIS, Petitioner–Appellant,

v.

Edward REYNOLDS, Superintendent of Mohawk Correctional Facility, Respondent–Appellee.

Docket No. 00–2447.

United States Court of Appeals, Second Circuit.

Argued Jan. 25, 2001.

Decided Aug. 30, 2001.

Georgia J. Hinde, New York, NY, for Appellant.

Raffaelina Gianfrancesco, Assistant District Attorney, Bronx, N.Y. (Robert T. Johnson, Bronx County District Attorney, Joseph N. Ferdenzi, Allen H. Saperstein, Assistant District Attorneys, Bronx, NY, on the brief), for Appellee.

Before WALKER, Chief Judge,
OAKES, and PARKER, Circuit Judges.

PARKER, Circuit Judge:

Petitioner appeals from an order of the United States District Court for the Southern District of New York (Marrero, J.), entered August 3, 2000, denying his petition for a writ of habeas corpus. This appeal requires us to decide the following questions: (1) whether the Supreme Court has "clearly established" that jeopardy attaches upon a trial court's unconditional acceptance of a guilty plea to the lesser included offense in a two-count indictment, and therefore that the Double Jeopardy

Clause bars subsequent prosecution (or reinstatement of the indictment) on a greater felony offense; (2) whether the New York Court of Appeals applied a rule that is "contrary to" this clearly established federal law in denying petitioner's Article 78 petition; and (3) the subsidiary factual question of whether the greater offense—felony possession of a weapon—was in fact "pending" when the defendant pled guilty to the lesser included misdemeanor offense of criminal possession of a weapon in the fourth degree.

Petitioner is currently serving an indeterminate term of imprisonment of from two and one-half to five years for Criminal Possession of a Weapon in the Third Degree pursuant to New York Penal Law ("NYPL") § 265.02, a class "D" felony. *See* NYPL § 70.02(c). Petitioner was charged in New York State court in a two-count indictment with third degree felony possession of a weapon (not in a person's home or place of business) and a lesser included count of fourth degree misdemeanor weapon possession, pursuant to New York Penal Law §§ 265.02 and 265.01, respectively. On June 4, 1997, Morris pleaded guilty to the felony charge. The trial court had initially accepted, with no objection from the prosecution, petitioner's guilty plea to the misdemeanor offense. However, under somewhat complicated factual circumstances detailed more fully below, the trial court, over defense objection, reinstated the felony count and declined to impose the bargained for sentence on the misdemeanor. Petitioner now contends that the New York trial court violated his rights under the Double Jeopardy Clause when it improperly rein-

stated the felony weapon possession count after accepting his guilty plea to the lesser included offense of misdemeanor weapon possession, when the misdemeanor was the only charge then pending against him. *See* U.S. Const. amend V, cl. 2 ("the Double Jeopardy Clause").

Respondent-appellee, Edward Reynolds, Superintendent of the Mohawk Correctional Facility ("respondent"), counters that the United States Supreme Court has yet to decide whether the Double Jeopardy Clause is violated when a court, sua sponte, vacates a guilty plea to a lesser charge to correct its own error prior to sentencing.[1] Respondent also contends the Court has not decided when jeopardy attaches to a guilty plea. Therefore, according to respondent, petitioner fails to establish that the New York Court of Appeals's decision is contrary to or involves an unreasonable application of clearly established Supreme Court precedent as required for habeas relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) (1996).

The New York Court of Appeals denied petitioner's double jeopardy claim, though it did not discuss the claim or cite appropriate federal law. The Court of Appeals grounded its decision on its own prior precedent which holds that a trial court has the inherent power to vacate a plea, to correct its own errors, and conduct a subsequent prosecution on the original charges, and that as long as sentence has not been imposed and judgment entered, defendant's constitutional right not to be

---

1. This is a slight misstatement of the issue by the prosecution. The record does not indicate that the trial court actually vacated the plea. What it did do, however, is to reinstate the felony charge and refuse to sentence on the misdemeanor. Petitioner then instituted an Article 78 proceeding to prohibit vacatur of his plea. The Court of Appeals indicated the trial court could vacate the plea to a lesser charge and reinstate the felony as part of its power to correct its error.

twice put in jeopardy does not bar the second prosecution.

We disagree with respondent for the reasons set forth below and therefore reverse the judgment of the district court, and grant the petition. Since the time petitioner has spent incarcerated already has exceeded the maximum penalty for the misdemeanor fourth degree weapons charge, *see* NYPL § 70.15(1), we order the petitioner immediately released from state confinement.

## I. BACKGROUND

### A. *Facts and State Court Proceedings*

Petitioner was indicted in December 1993 on a class D felony count of Criminal Possession of a Weapon in the Third Degree and a class A misdemeanor count of Criminal Possession of a Weapon in the Fourth Degree. *See Morris v. Reynolds,* 107 F.Supp.2d 421, 423 (S.D.N.Y.2000). He moved to dismiss the indictment for legal insufficiency of the Grand Jury evidence. *See id.* The state opposed in a written response dated March 24, 1994. *See id.* On May 10, 1994, the trial justice ruled from the bench that the felony charge was dismissed. The government made no objection. The case was continued to June 7, 1994.

Morris contends that we should grant habeas relief because the Supreme Court has "clearly established" that when a defendant pleads guilty to a lesser included offense, and no other charge remains "pending" against him, once the court accepts his guilty plea and the prosecution does not object, to reinstate the greater count violates the Double Jeopardy Clause. The crucial factual issue on this theory therefore is whether the felony count re-

mained "pending" when the court accepted Morris's plea to the misdemeanor. If it was "pending" at that time, then Morris only resolved a portion of the charges against him, and the court was within its power to reinstate the felony without violating the Double Jeopardy Clause under *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). If, however, the court actually dismissed the felony charge, then the court was without power to reinstate that charge after having accepted Morris's plea to a lesser included offense. We address the factual issue first, because if the greater offense remained "pending," then under *Ohio v. Johnson,* the petitioner's claim necessarily fails. A careful analysis of the record demonstrates, however, that this felony charge had been dismissed, on the record, at the time the court accepted the petitioner's guilty plea.

On June 7, 1994, the trial court, reading from an index card, said that the people had not established sufficiently the home and business exception, and that the felony count was therefore dismissed.[2] The government made no objection. Additionally, the government informed the court that it was ready to proceed on the basis of the misdemeanor count and would need approximately three days to get its witnesses in. The case was continued to August 1, 1994.

On August 1, 1994, the court reiterated that the only count pending was criminal possession of a weapon in the fourth degree. The court indicated its willingness, "based on the paucity" of petitioner's record, to accept a plea to that charge and give petitioner a misdemeanor probationary sentence. The government did not object.

---

**2.** The felony criminal possession of a weapon statute contains an exception for weapons

possessed in a home or business.

The court asked the petitioner if "[he] wish[ed] to change [his] plea from not guilty of the *remaining* count, criminal possession of a weapon in the fourth degree, to guilty of that crime?" App. at 16 (emphasis added). Petitioner responded yes. Defense counsel stated that petitioner was pleading guilty to the misdemeanor, in full satisfaction of the indictment. The government did not object.

The court carefully allocuted the petitioner. The government articulated the facts that it would have proven had the case gone to trial. The prosecution acknowledged that it understood that petitioner was to receive a probationary sentence of three years, and reserved its right to make a sentencing recommendation. The court accepted petitioner's plea and the prosecutor made no objection.

There is some dispute over the timing— namely, whether the trial justice reinstated the felony count before the defendant pled guilty to the misdemeanor. According to the district court, immediately after the August 1, 1994 plea allocution the prosecutor asked the trial justice's law secretary for a copy of the trial justice's decision regarding the felony count and was informed "that it was 'not yet completed' but that it would find the grand jury proceedings sufficient to *reinstate* the felony indictment." *Morris,* 107 F.Supp.2d at 435 (quoting Gianfrancesco Aff., Ex. 2) (emphasis added). According to the prosecutor, several days later she received a written decision, dated July 29, 1994, that found that the evidence was legally sufficient to sustain the felony count. According to the Court of Appeals, sometime after August 1, 1994, the trial justice filed a written decision dated July 29, 1994. *See*

*Van Leer–Greenberg ex rel. Morris v. Massaro,* 87 N.Y.2d 996, 997, 665 N.E.2d 188, 188, 642 N.Y.S.2d 618, 618 (1996). Because the Court of Appeals did not expressly focus on the importance of the date on which the felony charge was dismissed, its decision leaves ambiguous whether it believed that order was back-dated.

Several months after the court accepted Morris's plea, on October 21, 1994 when preparing to sentence him, the trial justice stated that "after review, Criminal Possession of a Weapon in the Third Degree is *reinstated.*" App. at 29 (emphasis added). The trial court offered petitioner the opportunity to withdraw the misdemeanor plea, which offer was declined. Petitioner brought an Article 78 proceeding seeking to prohibit the trial judge from setting aside the misdemeanor plea and seeking to require the court to impose the promised probationary sentence and to set aside the reinstatement of the felony. The Appellate Division granted his petition with two judges dissenting. *See Van Leer–Greenberg ex rel Morris v. Massaro,* 215 A.D.2d 283, 626 N.Y.S.2d 779 (1st Dep't 1995). The state appealed to the Court of Appeals which reversed and dismissed petitioner's Article 78 proceeding. *See Van Leer–Greenberg,* 87 N.Y.2d at 996, 665 N.E.2d at 188, 642 N.Y.S.2d at 618. On June 4, 1997, petitioner pleaded guilty to Criminal Possession of a Weapon in the Third Degree [3] and was sentenced to two and a half to five years imprisonment. He is currently incarcerated.

### B. *Federal Court Proceedings* [4]

Petitioner filed an amended habeas petition, dated May 21, 1999, claiming that the trial court lacked the authority to set aside

---

**3.** We note that because the parties do not make waiver arguments, we do not address the issue of whether petitioner's plea constituted a waiver.

**4.** Exhaustion of the legal and factual claims in state court is not an issue. *See Morris,* 107 F.Supp.2d at 427.

sua sponte the guilty plea and reinstate the felony count without petitioner's consent, and that this vacatur offended the Double Jeopardy Clause of the United States Constitution.

In a Report and Recommendation dated December 16, 1999, United States Magistrate Judge Peck recommended that the petition be granted. *Morris v. Reynolds,* No. 98 Civ. 5439 NRB AJP, 1999 WL 1565179, at *1 (S.D.N.Y. Dec.16, 1999). Although he found that petitioner's claim regarding the trial court's lack of inherent authority to reinstate the indictment raised a question of state law that could not be addressed on federal habeas review, he concluded that petitioner's double jeopardy rights had been violated. *See id.* at *7, 14. After finding that the state courts had not adjudicated the merits of the federal constitutional issue, Magistrate Judge Peck determined that the AEDPA standard of review [5] did not apply to this case and conducted a de novo review of the double jeopardy claim. *See id.* at *7–8.

After concluding that the Supreme Court had never directly addressed the issue of whether jeopardy attaches upon a court's unconditional acceptance of a guilty plea, the Magistrate Judge determined that in *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the Supreme Court required lower courts to assess both the defendant's interest in finality and the state's interest in having one full and fair opportunity to convict. *See* 1999 WL 1565179, at *9–15. Based on this

analysis, Magistrate Judge Peck concluded that reinstatement of the felony charge was barred by principles of double jeopardy and recommended granting the petition. *See id.* at *15.

In an order dated August 3, 2000, United States District Judge Victor Marrero declined to adopt the Magistrate Judge's report and denied the petition. *See Morris,* 107 F.Supp.2d at 421. The district court found that the state courts did not examine the issues of the trial court's power to vacate a guilty plea and double jeopardy separately, reasoning that the two inquiries were inextricably intertwined and concluding that once the premise is accepted that the trial court's inherent authority under state law to correct its error was properly exercised, the double jeopardy issue was necessarily resolved. *See id.* at 430–432. Otherwise, reasoned the district court, the two legal conclusions would clash irreconcilably. *See id.* at 432. Consequently, the district court concluded that the merits of the constitutional claim were adjudicated, and therefore the deferential AEDPA standard of review applied. *See id.* at 434.

With respect to the facts, the district court disagreed with the magistrate judge's conclusion that the trial justice had produced a 'back-dated written order, which despite its date clearly was not prepared until after the guilty plea was accepted.' *Id.* at 435 (quoting 1999 WL 1565179, at *14 n. 8.). According to the district court, the magistrate judge's find-

---

5. The AEDPA standard of review is:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

ing that the order was back-dated did not give proper deference to the factual findings of the state courts under 28 U.S.C. § 2254(e)(1).[6] *Id.* at 434.

The district court found that the inference drawn by the magistrate judge "was not based on a factual basis sufficient to support a convincing conclusion." *Id.* at 435. Therefore, the district court held, it was "constrained not to disturb the state court's factual findings" because petitioner "failed to show by clear and convincing evidence that those findings were erroneous." *Id.*

Regarding the law, the district court agreed with the magistrate judge's conclusion that the Supreme Court has not specifically addressed the issue related to double jeopardy in this case—whether jeopardy attaches at the time of the acceptance of a guilty plea. *Id.* The district court did, however, note that the decision of the Court of Appeals implicitly rested on the premise, discussed in the Appellate Division dissent, that no double jeopardy issue arose when the felony count was reinstated because the proceeding did not terminate in a judgment, i.e. conviction and sentence, but rather, merely a conviction pursuant to a guilty plea. *See id.* at 434–35 (citations omitted). The district court concluded that though there was no explicit mention of the federal double jeopardy claim, the New York Court of Appeals was following *Johnson. See id.* at 435.

Finally, the district court found that even under de novo review, using the rule that the magistrate judge derived from *Johnson,* i.e. whether the state had the opportunity to marshal its evidence and

resources and chose not to exercise it, the writ should not issue. *See id.* at 436–38. The district court found that the magistrate judge's findings that the state never objected to the dismissal of the felony charges or Morris's guilty plea were not sufficiently supported by the record. *See id.* at 438. The district court issued a certificate of appealability on August 3, 2000. *See id.* at 439.

## II. DISCUSSION

### A. *Standard of Review*

 This Court reviews de novo the district court's decision to grant or deny a petition for writ of habeas corpus. *See Clark v. Stinson,* 214 F.3d 315, 319 (2d Cir.2000). We review a district court's factual findings for clear error. *See Amadeo v. Zant,* 486 U.S. 214, 223, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988). This Court's review is, however, constrained by 28 U.S.C. § 2254, which provides that "a determination of a factual issue made by a state court shall be presumed to be correct;" however, the petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Additionally, as acknowledged earlier a writ of habeas corpus may not issue "with respect to any claim that was adjudicated on the merits in State court proceeding unless the adjudication ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Notwithstanding the absence of discussion of Morris's federal double jeopardy

---

**6.** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be pre-

sumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
28 U.S.C. § 2254(e)(1).

claim, the Court of Appeals's decision constituted an "adjudicat[ion] on the merits" to which we owe AEDPA deference. *See* 28 U.S.C. § 2254(d); *Sellan v. Kuhlman,* 261 F.3d 303 (2d Cir.2001). We determine:

> whether a state court's disposition of a petitioner's claim is on the merits by considering: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits.

*Sellan,* 261 F.3d at 314 (quoting *Mercadel v. Cain,* 179 F.3d 271, 274 (5th Cir.1999)).

■ Pursuant to that test the New York Court of Appeals adjudicated *Morris* on the merits. First, New York courts have held in other cases that in similar circumstances, the Double Jeopardy Clause is not offended by a proceeding that does not terminate in judgment. *See Van Leer–Greenberg,* 87 N.Y.2d at 997, 665 N.E.2d at 189, 642 N.Y.S.2d at 619 (collecting cases). Second, the history of *Morris* does not suggest that the Court of Appeals was aware of any ground by which it could have decided the case without adjudicating it on the merits. *See id.* Indeed, the two justices of the Appellate Division that dissented did so on the ground that the Double Jeopardy Clause was not offended. *See Van Leer–Greenberg,* 215 A.D.2d at 286, 626 N.Y.S.2d at 782. Third, the Court

of Appeals's opinion does not rely upon procedural grounds for a determination. *See* 87 N.Y.2d at 997, 665 N.E.2d at 189, 642 N.Y.S.2d at 619. Because Morris's double jeopardy claim was therefore adjudicated on the merits, the district court correctly found that 2254(d) deference is due the state court decision.

■ Therefore, this Court is constrained to apply "clearly established Federal law," as determined by the holdings, not dicta, of the United States Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[W]hatever would qualify as an old rule under [the Supreme Court's] *Teague*[7] jurisprudence [ ] constitute[s] 'clearly established Federal law, as determined by the Supreme Court of the United States' under 2254(d)(1)." *Id.* (citation omitted). This Court must, however, be mindful that '*even on habeas, [it has] an independent obligation to say what the law is.*' *Id.* at 411, 120 S.Ct. 1495 (quoting *Wright v. West,* 505 U.S. 277, 305, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)) (emphasis added).

The question for this Court then is whether under the circumstances of this case, the state court's decision to permit prosecution of petitioner on the reinstated felony charge was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

**7.** *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Prior to the passage of AEDPA, the Supreme Court's jurisprudence under *Teague* and its subsequent decisions dictated that when a prisoner sought federal habeas relief based upon a principle announced after a final judgment, federal courts were required to look at whether the state court's decision relied on an "old

rule," i.e. a rule "dictated by precedent existing at the time the defendant's conviction became final," or whether it imposed a "new rule," i.e. one "[t]hat 'breaks new ground or imposes a new obligation on the States or the Federal Government.'" *Williams,* 529 U.S. at 380, 120 S.Ct. 1495 (quoting *Teague,* 489 U.S. at 301, 109 S.Ct. 1060).

If we determine that petitioner is relying upon double jeopardy law which was clearly established federal law at the time of his prosecution, within the meaning of 2254(d), this Court must examine the state court decision and, guided by *Williams*, determine whether it is contrary to or an unreasonable application of that law.

## B. *The Facts on Review*

As noted earlier, in a habeas proceeding, "a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "[P]etitioner, however, may rebut the presumption by clear and convincing evidence." *Morris*, 107 F.Supp.2d at 427 (citing *Pons v. Artuz*, 00 Civ.2004, 2000 WL 777942, at *2 (2d Cir. June 14, 2000)). Thus, this Court must presume that the factual findings of the New York courts are correct and may not set aside those findings unless "the material facts were not adequately developed at the state court hearing or the court's factual determinations are not fairly supported by the record." *Id.* at 427 (citation omitted).

The record in this case establishes that: (1) although the trial court's order reinstating the felony was dated July 29, 1994, the felony charge was not pending at the time petitioner's plea was accepted on August 1, 1994; and (2) the government did not object to entry or acceptance of the misdemeanor plea in this case. To the extent the district court concluded otherwise, its findings were clearly erroneous. Additionally, we think that the district court's observation that on the day petitioner's plea was accepted the trial court "contemplated a reversal of its earlier oral ruling," *id.* at 435, is of no import. Rather, the relevant inquiry is whether the felony count was pending at the time the court accepted the petitioner's plea.

■ The state conducted no formal fact-finding hearing. However, the trial court said, on October 21, 1994, that "[o]n July 29, 1994, [it] issued its written decision." App. at 34. The record belies this finding. Clear and convincing evidence rebuts the trial court's statement. First, it is very clear that no one in court, including the justice, had any idea that the court did not dismiss the felony count and that the felony charge was pending at the time of the plea. Twice previously, the court had said it was dismissing the felony. On May 10, 1994, the trial justice ruled from the bench that he was dismissing the felony count of the indictment. *See* App. at 8. On June 7, 1994, he reiterated that ruling, *see* App. at 10, and on at least one of those dates he stated that the indictment was being dismissed because the "people failed to establish sufficiently the home and business exception." App. at 30. Directly before accepting petitioner's plea, the trial justice said, "The only count here is criminal possession of a weapon in the fourth degree." App. at 15. Defense counsel stated that her client wished to plead guilty to the misdemeanor, "in full satisfaction of [the] indictment." App. at 16. The trial justice then asked petitioner if he wished to plead guilty to the "*remaining* count, criminal possession of a weapon in the fourth degree," *id.* (emphasis added), to which petitioner responded "yes." *Id.* In addition, on August 1, 1994, the trial justice asked the prosecutor whether it was the People's understanding that the court intended to do away with the felony charge. *See* App. at 25. She responded "yes" and reserved only a "right to make a sentencing recommendation for the date of sentence." *Id.* Further, immediately following the plea, when the prosecutor asked the trial justice's law secretary for a copy of the decision it was not available because it was incomplete. *Morris*, 107 F.Supp.2d at 437

(citation omitted). Finally, it was not until October 21, 1994 that the trial justice announced that "criminal possession of a weapon in the third degree is *reinstated*." App. at 29 (emphasis added). The record establishes beyond doubt that the felony charge was not pending on August 1, 1994 when the trial justice accepted petitioner's guilty plea to the misdemeanor, despite the fact that the decision reinstating the charge was dated July 29, 1994.

Because it was not material to the Court of Appeals' analysis, that court left ambiguous whether the felony count remained pending at the time of the plea, and whether it believed the written decision dated July 29, was back-dated. To the extent that the Court of Appeals left its findings on this fact, which we find determinative, ambiguous, our review of the record demonstrates by clear and convincing evidence that the felony count had been dismissed, and was therefore not pending, when the trial court accepted Morris's plea.

Further, the transcript is quite clear: at no time during the plea allocution did the prosecutor object to the plea. *See* App. at 13–27. The prosecutor claims to have protested the fact that no written decision (presumably of the felony dismissal) was available—"off the record." App. at 98. We have no way of assessing the claim. Nothing in the record suggests any disagreement with entry of the plea. *See* App. at 13–27. The record reflects only what we set forth earlier, viz. the prosecutor understood that the court intended to do away with the felony count and reserved her right to make a sentencing recommendation. *See* App. at 25. Thus, the record supports a finding that the trial justice accepted Morris's guilty plea to the misdemeanor with the prosecutor's approval or at least without objection by the prosecution.[8]

## C. *The Law*

■ The Supreme Court has clearly established, for the purpose of 28 U.S.C. § 2254(d), that when no greater offense remains "pending" at the time a court accepts a defendant's guilty plea to a lesser included offense, and the prosecution has not objected to the defendant's plea, the Double Jeopardy Clause bars reinstatement of the greater offense..

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V, cl. 2. "It protects against a second prosecution for the same offense after acquittal. *It protects against a second prosecution for the same offense after conviction.* And it protects against multiple punishments for the same offense." *Ohio v. Johnson,* 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (citing *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969))) (emphasis added). The provision "serves principally as a restraint on courts and prosecutors." *Brown,* 432 U.S. at 165, 97 S.Ct. 2221. "Where successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.'" *Id.* (quoting *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion)).

■ The Supreme Court has long held that a guilty plea constitutes a conviction. *See Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In *Kercheval,* the government

---

8. We do not disagree with the district court's finding that the prosecutor earlier objected to the dismissal of the felony charge. *See Morris,* 107 F.Supp.2d at 438.

charged defendant with using the mails to defraud. *See id.* at 221, 47 S.Ct. 582. Defendant pleaded guilty and the court sentenced him to a term of imprisonment of three years. *See id.* Upon defendant's motion the court allowed the defendant to withdraw his guilty plea. *See id.* at 221–22, 47 S.Ct. 582. At the trial the court permitted the prosecution, over defendant's objection, to put in evidence a certified copy of the guilty plea. *See id.* at 222, 47 S.Ct. 582. On appeal the government argued that a guilty plea is similar to a confession, and therefore should be likewise admitted. *See id.* at 223, 47 S.Ct. 582. The Supreme Court held that a guilty plea differs in purpose and effect from a confession; "it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Id.* at 223, 47 S.Ct. 582. Given that a guilty plea is a conviction, *see id.,* and that the Double Jeopardy Clause "protects against a second prosecution for the same offense after conviction," *Johnson,* 467 U.S. at 498, 104 S.Ct. 2536 (citation and internal quotation marks omitted), the Clause prohibits a second prosecution for the same offense following a guilty plea.

 It has also long been clearly established by the Supreme Court that it is a violation of double jeopardy to prosecute a defendant for a greater offense after convicting and punishing the defendant for a lesser included offense. *See Brown,* 432 U.S. at 168, 97 S.Ct. 2221. In *Brown,* the defendant pleaded guilty to joyriding, the crime of operating a vehicle without the owner's consent. 432 U.S. at 162, 97 S.Ct. 2221. After he completed his 30 day jail sentence, he was indicted for theft of the same car (however, on a different day), a greater offense which under Ohio law includes the misdemeanor of joyriding. *Id.* at 162–63, 97 S.Ct. 2221.

Applying the *Blockburger* test, the Court determined that "for purposes of barring successive prosecutions" a greater offense is the same offense as a lesser included offense. *See id.* at 166, 97 S.Ct. 2221 (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). In *Brown,* of course the trial court not only convicted the defendant of the lesser included offense, it also punished him for that offense prior to prosecution for the greater offense. The Court was clear in *Brown,* and subsequently in *Johnson,* however, that the double jeopardy bar prohibits not only multiple punishments for the same offense, but also a second prosecution following conviction, regardless of whether sentencing has taken place. "Previously we have recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Johnson,* 467 U.S. at 501, 104 S.Ct. 2536 (citing *Brown,* 432 U.S. at 161, 97 S.Ct. 2221). We therefore conclude that the Supreme Court has established that, after a court accepts defendant's guilty plea to a lesser included offense, prosecution for the greater offense violates the Double Jeopardy Clause. Thus, a trial court may not sua sponte reinstate a dismissed felony following acceptance of a guilty plea to a lesser offense. Nor may it sua sponte vacate the defendant's plea in order to reinstate the greater offense.

 In contrast, the Double Jeopardy Clause is not offended when the greater offenses charged in the indictment remain "pending" at the time of a guilty plea, and when the prosecution objects to the plea to a lesser included offense. *Johnson,* 467 U.S. at 500–502, 104 S.Ct. 2536. In *Ohio v. Johnson,* greater and lesser included offenses were pending against the defen-

dant. 467 U.S. at 496, 104 S.Ct. 2536. Over the prosecutor's objection the trial court accepted guilty pleas to the lesser offenses and granted defendant's motion to dismiss the remaining more serious charges holding that further prosecution was barred by the Double Jeopardy Clause. *See id.* Then Justice Rehnquist, writing for the Court in *Johnson,* distinguished *Johnson* from *Brown* by noting that the principle of finality implicated in *Brown* was not present in *Johnson* since Johnson "offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial." 467 U.S. at 501, 104 S.Ct. 2536. Thus, the state's further prosecution did not infringe Johnson's interest in repose because he did not dispose of the entire case by entry of his plea.

■ Accordingly, a rule that the state may not prosecute a defendant for a greater offense after his conviction pursuant to a guilty plea of the lesser included offense does not "break[ ] new ground or impose[ ] a new obligation on the states." *Vasquez v. Strack,* 228 F.3d 143, 148–49 (2d Cir.2000)(alterations in original). Thus, the only question is whether the felony charge was "pending" when Morris pled guilty to the misdemeanor. It was not. Morris resolved the only charge pending against him at the time his plea was accepted. He did not attempt to use double jeopardy "as a sword to prevent the State from completing its prosecution on the *remaining charges.*" *Johnson,* 467 U.S. at 502, 104 S.Ct. 2536 (emphasis added). There were no remaining charges. Consequently, similar to the defendant in *Brown,* the subsequent prosecution infringed Morris's interest in repose which the Double Jeopardy Clause protects.

■ Further, although we agree that a court has the power to correct its own errors, when the correction of those errors infringes a defendant's rights under the Double Jeopardy Clause to finality and repose, the power to correct mistakes must cede ground. The court in *Johnson* erred in accepting defendant's guilty plea to the lesser included charges while the greater charges remained pending, and the prosecution objected to the entry of the plea. However, because the defendant had no interest in finality, since he offered to resolve only part of the charges against him, the Double Jeopardy Clause did not restrain the correction of that error.

Here, however, as in *Brown,* petitioner had an interest in finality because he had resolved all of the charges pending against him. Under the circumstances, the Double Jeopardy Clause acts to restrain the trial court from correcting any error.

Thus, we conclude that under *Kercheval, Brown,* and *Johnson,* which constitute "clearly established Federal law," the second prosecution violated petitioner's rights under the Double Jeopardy Clause.

We must now analyze the substance of the state court decision to determine whether it is contrary to or an unreasonable application of this clearly established federal law.

E. *The State Court Decision*

We conclude that the New York Court of Appeals applied the following rule in reaching its decision to reject Morris's Double Jeopardy claim: *The double jeopardy bar does not arise until after conviction and imposition of sentence because* "trial courts in criminal cases have the general inherent authority to correct their own mistakes," *prior to sentencing. See Van Leer–Greenberg,* 87 N.Y.2d at 998, 665 N.E.2d at 189, 642 N.Y.S.2d at 619 (citations omitted). Though the Court did not explicitly address Morris's double jeopardy

claim, its holding necessarily implied that the double jeopardy bar does not arise until imposition of sentence and that the trial court lawfully exercised its authority to correct a mistake in this case without violating the Double Jeopardy Clause. The Court cited several state court decisions for this proposition.

■■■■ In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), Justice O'Connor speaking for the Court in Part II of her concurrence set forth that a state court decision will be "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405, 120 S.Ct. 1495. The *Van Leer–Greenberg* rule as necessarily applied by the Court of Appeals in this case "contradicts the governing law" established by Supreme Court precedent, which holds, as we have shown above, that the double jeopardy bar arises, after a conviction but before sentencing, when a defendant pleads guilty to a lesser included offense, the prosecution did not object to the plea, and there was no greater offense pending at the time the plea was accepted. Consequently, petitioner's application for relief falls within the constraints of § 2254(d)(1), and we therefore grant the petition for writ of habeas corpus.

## III. CONCLUSION

For the reasons set forth above, we reverse the decision of the district court and grant the petition for a writ of habeas corpus. Since the time petitioner has spent incarcerated already has exceeded the maximum penalty for the misdemeanor fourth degree weapons charge, we remand to the district court for entry of an order that the petitioner be immediately released from state confinement.