James **BALLEW**, Petitioner–Appellant,

v.

Hans G. **WALKER**, Superintendent of Auburn Correctional Facility, Respondent–Appellee.

Docket No. 01–2131.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

Theodore S. Green, White Plains, NY, for Appellant.

Frank J. Clark, Buffalo, NY, J. Michael Marion, Donna A. Milling, Assistant District Attorneys, on the brief, for Appellee.

Present VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Petitioner-appellant James Ballew appeals from a judgment entered in the United States District Court for the Western District of New York (Elfvin, *J.*) on February 13, 2001, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ballew is currently serving a sentence for his 1985 conviction in New York state court on counts of murder in the second degree, felony murder in the second degree, kidnapping in the second degree, robbery in the first degree, attempted rape in the first degree, criminal possession of a weapon in the third degree, and falsely reporting an incident in the third degree. On appeal, Ballew argues that he received ineffective assistance of counsel because his trial counsel failed to move to suppress incriminating statements and other evidence police obtained after bringing Ballew into custody upon the revocation of an appeal bond in an unrelated matter.

This Court reviews *de novo* the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir.2002). We review the district court's factual findings for clear error, *see Morris v. Reynolds*, 264 F.3d 38, 45 (2d Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 2381, 153 L.Ed.2d 199 (2002), and we presume that a state court's findings of fact are correct absent "clear and convincing evidence" to the contrary. *See* 28 U.S.C. § 2254(e)(1).

In order to establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense," meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88,

**26**

694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," the petitioner must demonstrate actual prejudice by proving "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland,* 466 U.S. at 700, 104 S.Ct. 2052 (emphasis added).

Ballew's ineffective assistance claim fails because he does not show actual prejudice. "In making this determination, a court ... must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S.Ct. 2052. Even without the evidence that Ballew contends was the fruit of an illegal arrest,[1] there was ample evidence to support the verdict.[2]

First, a witness identified Ballew as the man she saw hitchhiking and riding in the victim's car the night the victim disappeared.

Second, after locating the victim's abandoned car, police found muddy boots, a bloodstained knife, and bloody jeans containing a set of keys. Ballew's neighbor identified the knife and boots as belonging to Ballew. After Ballew called the police to tell them he had been robbed, they located the car he had been driving and discovered that one of the keys from the bloody jeans fit its locks.

Third, Ballew's neighbor reported seeing Ballew walking home alone the morning after the murder wearing only a pair of gym shorts. Ballew asked this neighbor if he could borrow a screwdriver to get into his home because he had lost his keys.

Fourth, Ballew's right thumbprint was on the passenger side window of the victim's car.

Fifth, the police matched the keys from the bloody jeans to the door of Ballew's home, a bicycle lock, and his briefcase. Inside the briefcase, the police found a wallet containing Ballew's driver's license and an empty knife box. The discovery of the wallet belied Ballew's report that it had been stolen.

Finally, Ballew made inculpatory statements to two individuals with whom he shared a jail cell.

In light of all this evidence, there is no reasonable probability that the verdict would have been different even if Ballew's trial counsel had moved to exclude the evidence obtained as a result of the challenged arrest. *Cf. United States v. Simmons,* 923 F.2d 934, 956 (2d Cir.1991) (holding that, "given the plethora of evidence against him," appellant "has not demonstrated the necessary prejudice to warrant reversal of his conviction" for ineffective assistance of counsel). Thus, Ballew cannot show actual prejudice and cannot prove his ineffective assistance of counsel claim.

1. Ballew would exclude the following evidence: his statement in custody that he "has a conscience, too;" his question in custody about how it would help him if he knew "[h]ypothetically" where the victim was; the map he drew locating the body; his statement that "[t]hat map is going to come back to haunt me;" the victim's body itself; and his girlfriend's credit card, which police found near the victim's body.

2. Our understanding of the evidence is based upon the undisputed facts stated in the Magistrate Judge's Report and Recommendation and in the parties' briefs on appeal.

Ballew's argument that his arrest was improper, based largely on dictum in *Abel v. United States,* 362 U.S. 217, 226, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) ("[t]he deliberate use by the Government of an administrative warrant for the purpose of gathering evidence in a criminal case must meet stern resistance by the courts"), does not overcome his failure to show actual prejudice.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**