Charles E. JAMES, Petitioner–Appellant,

v.

Victor HERBERT, Superintendent, Attica Correctional Facility; Eliot Spitzer, New York State Attorney General, Respondents–Appellees.

No. 02–2389.

United States Court of Appeals, Second Circuit.

Feb. 13, 2003.

Anna Marie Richmond, Buffalo, N.Y. (Norman P. Effman, Attica, New York, on brief), for Appellant.

Eric A. Johnson, Assistant, Solicitor General, Albany, NY, (Eliot Spitzer, Attorney, General, and Nancy A. Spiegel, Robin A. Forshaw, Assistant, Solicitors General, on brief), for Appellees.

PRESENT: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of February, two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Petitioner-appellant Charles E. James appeals from a judgment entered in the United States District Court for the Western District of New York (Elfvin, *J.*) on May 30, 2002, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. James is currently serving a sentence for his 1988 conviction in New York state court on counts of first-degree manslaughter, second-degree (felony) murder, burglary, and assault. On appeal, as in the district court, James argues that his trial counsel had a *per se* conflict of interest that violated his Sixth Amendment right to effective assistance of counsel because his lawyer concealed evidence of James's crime, instructed James to lie to authorities, was arrested for interfering with James's arrest, and eventually faced prosecution for obstruction.[1]

---

1. James asserted other claims in the district court, but the court granted a certificate of appealability "solely on his conflict of interest

claim." Judgment in a Civil Case, dated May 30, 2002.

This Court reviews *de novo* the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Ryan v. Miller,* 303 F.3d 231, 245 (2d Cir.2002). We review the district court's factual findings for clear error. *See Morris v. Reynolds,* 264 F.3d 38, 45 (2d Cir.2001), *cert. denied,* 536 U.S. 915, 122 S.Ct. 2381, 153 L.Ed.2d 199 (2002).

1. James's ineffective assistance of counsel claim finds arguable support in precedents of this Court. *See, e.g., United States v. Fulton,* 5 F.3d 605, 612 (2d Cir. 1993) (holding that a cooperating co-defendant's "allegations that lead trial counsel was engaged with him in heroin trafficking created an actual conflict of interest of the sort that requires application of the *per se* rule"); *United States v. Cancilla,* 725 F.2d 867, 867 (2d Cir.1984) (recognizing a *per se* conflict of interest where there is evidence that "counsel had himself engaged in criminal activity related to the conduct for which defendant was convicted"); *Solina v. United States,* 709 F.2d 160, 161, 168 (2d Cir.1983) (recognizing a *per se* conflict of interest where a defendant was represented at trial by a person not admitted to the bar).

2. However, where a habeas petitioner's claim has been "adjudicated on the merits in State court proceedings," our review is circumscribed:

> An application ... shall not be granted with respect to [such a] claim ... unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). James asserted his ineffective assistance claim in a § 440 motion for post-conviction relief, which the state court denied; the Appellate Division denied leave to appeal.

3. James can rely on none of the exceptions of 28 U.S.C. § 2254(d). First, James does not contend that the state court denied his claim based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

Second, the state court ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States.*" 28 U.S.C. § 2254(d)(1) (emphasis added); *see also Gilchrist v. O'Keefe,* 260 F.3d 87, 93 (2d Cir.2001) (defining "clearly established Federal law" as "'the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision'") (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)), *cert. denied,* 535 U.S. 1064, 122 S.Ct. 1933, 152 L.Ed.2d 839 (2002). No Supreme Court holding has recognized the particular claim James asserts; the Supreme Court has identified only one circumstance as constituting a *per se* conflict of interest: compelled representation of multiple defendants with divergent interests. *See Holloway v. Arkansas,* 435 U.S. 475, 484–91, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Nor can James establish that the state court "unreasonably failed to extend a clearly established, Supreme Court defined, legal principle to [a] situation[ ] which that principle should have, in reason, governed." *Kennaugh v. Miller,* 289 F.3d 36, 45 (2d Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 251, 154 L.Ed.2d 187 (2002). At least one circuit has expressly declined to follow the rule we announced in *Cancilla* and related cases. *See United States v. Wallace,* 276 F.3d 360, 368 (7th Cir.) (noting Seventh Circuit's rejection of

*Cancilla's per se* rule), *cert. denied,* 536 U.S. 924, 122 S.Ct. 2592, 153 L.Ed.2d 781 (2002).

In *Mickens v. Taylor,* 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), the Supreme Court recently declined to recognize a *per se* conflict of interest where a defendant who was tried and convicted for murder was represented at trial by a lawyer who had previously represented the murder victim. *Id.* at 1245. The Court observed that it has so far declined to extend Holloway's *per se* rule to other circumstances. *Id.* at 1242. The Court noted that *Holloway* "stressed the high probability of prejudice arising from multiple concurrent representation, and the difficulty of proving that prejudice," *id.* at 1245, and it questioned whether actual conflicts of interest—let alone *per se* conflicts—exist in various contexts in which circuit courts have identified them. *Id.* (citing cases). Thus, *Cancilla* notwithstanding, and however much we might wish to encourage the state courts to follow *Cancilla,* they were not *required* to extend the Supreme Court's *per se* rule to James's situation.[2]

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

2. James does not argue that it would be an unreasonable application of clearly established Supreme Court precedent to refuse to apply the "actual conflict" standard set forth in *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), to the circumstances of this case, and we express no view on that question.