**Andrew J. HOFFMAN, Petitioner–Appellant,**

v.

**Victor HERBERT, Respondent–Appellee.**

**No. 05–0735–PR.**

United States Court of Appeals, Second Circuit.

April 10, 2006.

John A. Cirando, D.J. & J.A. Cirando, (Rebecca A. Crance, on the brief), Syracuse, New York, for Petitioner–Appellant.

Megan P. Davis, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Assistant Solicitor General, on the brief), New York, New York, for Respondent–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Hoffman appeals from a January 19, 2005, order of the Western District of New York (Hugh B. Scott, *Magistrate Judge* ) denying his habeas corpus petition, which raised a claim of ineffective assistance of counsel. The court held that petitioner's claim failed because he could not point the violation of any clearly established federal law as de-

cided by the Supreme Court. Therefore, petitioner could not meet the standard for the granting of the writ under 28 U.S.C. § 2254(d)(1). The district court granted a certificate of appealability on the issue of whether the federal right was clearly established. We assume familiarity with the facts and procedural history of this case.

Petitioner's contention is that trial counsel was ineffective in failing to convey a plea offer to him that would have resulted in substantially less jail time. The district court held an evidentiary hearing, where it found that the plea offer was in fact made and that counsel failed to convey it to petitioner because he believed it was not a bona fide offer. Nevertheless, the court held that it was required to dismiss the petition because the right of a defendant to receive information as to plea offers was not clearly established within the meaning of 28 U.S.C. § 2254(d)(1).

■ We disagree. The ineffective assistance of counsel standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is fully applicable to petitioner's claim. It is not necessary that the Court have articulated its application to the particular facts petitioner alleged. *See Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir.2001).

■ Because the failure of petitioner's counsel to communicate the state's offer to petitioner plainly constituted performance below reasonable professional standards, the only question on remand for the district court to consider is whether there is a reasonable probability that, had Hoffman been informed of and adequately counseled regarding the plea offer, he would have accepted it. *See Strickland*, 466 U.S. at 668, 104 S.Ct. 2052. In making this factual determination, the district court should consider all the circumstances under which that decision would have been made and may take any additional testimony or other

evidence that it deems relevant. It need not defer to any implicit or explicit rulings made by the state courts in this case, since "the material facts were not adequately developed" for a reasonable application of *Strickland* by the state courts. *Morris v. Reynolds*, 264 F.3d 38, 47 (2d Cir.2002).

For the reasons set forth above, the judgment of the District Court for the Western District of New York is hereby VACATED and the case is REMANDED.