16-388-pr
Martinez v. Capra

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         SUSAN L. CARNEY,
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
GEORGE MARTINEZ,
         <u>Petitioner-Appellant</u>,

         -v.-                                    16-388-pr

MICHAEL CAPRA, Superintendent, Sing
Sing Correctional Facility.
         <u>Respondent-Appellee</u>,

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          BRIAN H. POLOVOY (with Karen S.
                        Hart on the brief), Shearman &
                        Sterling LLP, New York, NY.

1

Andrew C. Fine (with David Crow on the brief), The Legal Aid Society, New York, NY.

**FOR APPELLEES:**       T. CHARLES WON (with Nancy D. Killian on the brief), for Darcel D. Clark, District Attorney of Bronx County, Bronx, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Abrams, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

George Martinez appeals from the judgment of the United States District Court for the Southern District of New York (Abrams, <u>J.</u>), denying his petition for a writ of habeas corpus.[1] Martinez was indicted for burglary and was offered a plea agreement in which he would receive a sentence of five-and-one-half to eleven years in exchange for pleading guilty. He rejected the proposal and was convicted at trial. Because of his prior felony convictions, Martinez was sentenced to a prison term of seventeen-and-one-half years to life. Martinez asserts that his lawyer, Peter Cervini ("Trial Counsel"), provided constitutionally deficient assistance at the plea bargaining stage, and requests that he be re-offered the plea agreement as a remedy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Martinez alleges that he proceeded to trial under the misconception that he could not be convicted of burglary if the jury found that he had never entered the burglarized apartment, but had only assisted a person named Martin in transporting stolen goods therefrom. He maintains that Trial Counsel knew of this misapprehension but failed to

---

[1] We review a district court's denial of a petition for a writ of habeas corpus de novo. <u>Dolphy v. Montello</u>, 552 F.3d 236, 238 (2d Cir. 2009). We afford greater deference to the underlying state court opinions, as discussed <u>infra</u>.

2

inform Martinez that he could be convicted as an accomplice based solely on his assistance to Martin, without his having made any such entrance.  This failure, Martinez contends, led him to reject the offered plea agreement.  Martinez argues that Trial Counsel's representation was consequently ineffective.

After holding an evidentiary hearing, the New York Supreme Court rejected Martinez's account of Trial Counsel's assistance.  It explicitly declined to credit Martinez's testimony that he had never known he could be convicted of burglary without having entered the apartment, and also "decline[d] to credit [Martinez's] testimony that [Trial Counsel] never explained the law to him."  App'x at 294. Rather, the Supreme Court found that Trial Counsel "adequately counseled [Martinez] as to the law, the plea, and the risks of not accepting the plea."  Id. at 295-96. The Appellate Division affirmed.

The state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Morris v. Reynolds, 264 F.3d 38, 45 n.6 (2d Cir. 2001).

In an attempt to provide such evidence, Martinez principally relies on Trial Counsel's testimony.  Martinez asserts that the following colloquy demonstrates that Trial Counsel was aware of Martinez's misapprehension of the law and Trial Counsel's failure to correct his misunderstanding:

> Q: Can I--during this time prior to getting a plea offer from the People was it your understanding from Mr. Martinez that he thought he couldn't get convicted of burglary if he hadn't been inside the dwelling?
>
> [Trial Counsel]: Yes, that's absolutely what he thought.
>
> Q: And did he actually tell you that's what he thought?
>
> [Trial Counsel]: Yes, he kept saying to me I was never in the apartment.  I made a mistake.  I foolishly helped this guy.  I helped carry the safe.  You had the safe that was taken from the

3

apartment in his apartment.  That's where they found it.

Q: And did he tell you again prior to the trial that he understood he can't get convicted of burglary if he was never physically inside the apartment?

[Trial Counsel]: No, he didn't tell me he couldn't get convicted of burglary.  He said, he told me consistently I was never inside the apartment.  That's what he told me.

Q: And he felt that mattered?

[Trial Counsel]: Oh yeah, he thought that matter[ed], right.

App'x at 136-37.

Q: Do you recall you testified earlier that there were times where you understood from Mr. Martinez that it was his understanding that he couldn't be convicted of burglary unless he was physically in the victim's apartment; do you recall that testimony?

[Trial Counsel]: I recall the testimony, and it was his feeling that I was never in any apartment, I'm not guilty of a burglary.

Q: In fact he had that understanding all up through his sentencing in the case, right?

[Trial Counsel]: I don't know what his understanding was but that's his words.  He felt he wasn't guilty of burglary because he was never in the apartment and, okay that's a reasonable layman's assumption.

Id. at 167-68.

The quoted testimony could possibly indicate that Trial Counsel understood Martinez to be operating under a misapprehension, but it does not indicate whether Trial Counsel corrected it, and (if so) whether Martinez ignored Trial Counsel's advice.  In the context of Trial Counsel's

4

total testimony, however, there is reason to doubt Martinez's narrative of ineffective assistance.

When Trial Counsel was asked whether he had tried to correct Martinez's "layman's view," Trial Counsel responded: "I'm sure I discussed with him the fact that [if] he aided or abetted someone to go into the apartment that he could be liable for their actions." Id. at 169. And earlier, Trial Counsel had indicated that he had explained Martinez's potential liability on an aiding and abetting theory in response to Martinez's suggestion that he was innocent of burglary because he had never entered the apartment. Id. at 132.

An earlier incident casts further doubt on Martinez's contentions. After Martinez was arrested, Legal Aid attorney Katherine Burton was assigned to provide initial representation. Martinez proposed to Burton that he testify to the grand jury that he never entered the apartment, hoping to stave off indictment. Burton advised that Martinez could be convicted under an aiding and abetting theory, and urged Martinez to refrain from testifying. As the state court found, "[Martinez], nevertheless, was adamant because, in his own mind, he was innocent since he never entered the apartment." Id. at 295. Martinez testified and was indicted.

This episode demonstrates that Martinez was willing to ignore a lawyer's explanation of accomplice liability and to override a lawyer's legal strategy in favor of his own approach. It is therefore difficult to credit Martinez's assertion that the only reason he refused the plea bargain was that Trial Counsel failed to inform him about accomplice liability.

Martinez also relies on his own testimony; however, the state court discredited all of his relevant testimony, finding that Martinez had previously lied under oath, made inconsistent statements, given different names and dates of birth when questioned by law enforcement, and had "the principal interest in the outcome of [his] motion." App'x at 293. We are not at liberty to disturb the state court's credibility finding.

In light of the foregoing, Martinez has failed to present clear and convincing evidence to rebut the state court's rejection of his factual claim that Trial Counsel

knew that Martinez held an incorrect view of his potential liability and failed to correct that misapprehension. Because Martinez can succeed on his ineffective assistance claim only if we determine that he has convincingly rebutted the state court's findings, his petition must be denied.

For the foregoing reasons, and finding no merit in Martinez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK